# Supreme Court of Florida

_____

No. SC15-1174

_____

**IN RE: STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES—
REPORT NO. 2015-05.**

[April 7, 2016]

PER CURIAM.

The Supreme Court Committee on Standard Jury Instructions in Criminal

Cases (Committee) has submitted a report proposing amendments to seventeen

existing standard criminal jury instructions and the addition of two new

instructions. We have jurisdiction. See art. V, § 2(a), Fla. Const.

The Committee proposes amending existing instructions 11.14 (Failure by a

Sexual Offender to Comply with Registration Requirements—Initially Register,

Report, or Provide Registration Items); 11.14(a) (Failure by a Sexual Offender to

Comply with Registration Requirements—Failure to Comply with Registration of

a Residence, Motor Vehicle, Trailer, Mobile Home, Manufactured Home, Vessel,

or Houseboat); 11.14(b) (Failure by a Sexual Offender to Comply with

Registration Requirements—Failure to Comply with Registration of [Employment]

[Enrollment] [Volunteering] [Carrying on a Vocation] at an Institution of Higher Learning); 11.14(c) (Failure by a Sexual Offender to Comply with Registration Requirements—Failure to Report to Department of Highway Safety and Motor Vehicles); 11.14(d) (Failure by a Sexual Offender to Comply with Registration Requirements—Failure to Report Change of Name or Address within the State or Jurisdiction); 11.14(e) (Failure by a Sexual Offender to Comply with Registration Requirements—Failure to Report Change of Residence to Another State or Jurisdiction or Country); 11.14(g) (Failure by a Sexual Offender to Comply with Registration Requirements—Failure to Report Twice a Year/Failure to Report Quarterly/Providing False Information); 11.14(h) (Sexual Offender Definitions); 11.15 (Failure to Register as a Sexual Predator—Initially Register—In Custody, Control or under the Supervision of the Department of Corrections); 11.15(b) (Failure by a Sexual Predator to Comply with Registration Requirements—Failure to Provide Required Information); 11.15(c) (Failure by a Sexual Predator to Comply with Registration Requirements—Failure to Comply with Registration of a Residence, Motor Vehicle, Trailer, Mobile Home, or Manufactured Home); 11.15(d) (Failure by a Sexual Predator to Comply with Registration Requirements—Failure to Comply with Registration of [Enrollment] [Employment] [Volunteering] [Carrying on a Vocation] at an Institution of Higher Education); 11.15(e) (Failure by a Sexual Predator to Comply with Registration

Requirements—Failure to Report to Department of Highway Safety and Motor Vehicles); 11.15(g) (Failure by a Sexual Predator to Comply with Registration Requirements—Failure to Report Change of Name or Address Within the State or Jurisdiction); 11.15(h) (Failure by a Sexual Predator to Comply with Registration Requirements—Failure to Respond to Address Verification Correspondence); 11.15(i) (Failure by a Sexual Predator to Comply with Registration Requirements—Failure to Report Intent to Move to Another State, Jurisdiction, or Country); and 11.15(*l*) (Sexual Predator Definitions). The Committee also proposes adding new instructions 11.14(i) (Failure by a Sexual Offender to Comply with Registration Requirements—Failure to Report Every 30 Days for Transient Residences) and 11.15(m) (Failure by a Sexual Predator to Comply with Registration Requirements—Failure to Report Every 30 Days for Transient Residences).

Before filing its report with the Court, the Committee published its proposals for comment. The Committee received one comment from the Florida Association of Criminal Defense Lawyers (FACDL) regarding the proposed amendments to instructions 11.14, 11.14(d), and 11.15(g). In its comment, FACDL argued that instruction 11.14 should not be amended to include new paragraph 3(f) because the statute upon which the paragraph is based—section 943.0435(2)(c), Florida Statutes (2015)—is unconstitutional in that it "violates the non-delegation doctrine,

- 3 -

is void for vagueness, and represents a deprivation of the due process of law."
FACDL also suggested adding a citation to the Second District Court of Appeal's
decision in Eveland v. State, 161 So. 3d 481 (Fla. 2d DCA 2014) to instructions
11.14(d) and 11.15(g). The Committee did not alter its proposals upon
consideration of FACDL's comment. The Court did not publish the Committee's
proposals for comment.

Having considered the Committee's report and the comment received by the
Committee, we amend the standard jury instructions as proposed by the Committee
and authorize them for publication and use. We also authorize new instructions
11.14(i) and 11.15(m), as proposed by the Committee, for publication and use. In
so doing, we note that the issues raised by FACDL regarding the constitutionality
of section 943.0435(2)(c), Florida Statutes, are beyond the scope of these
proceedings. To date, no court has expressly addressed the constitutional issues
raised by FACDL regarding the current version of section 943.0435(2)(c), Florida
Statutes, and we decline to use the instant proceedings authorizing the publication
and use of standard jury instructions as the basis for addressing such issues. Such
matters are appropriate for consideration by this Court only within the context of
an actual case or controversy. See art. V, § 3(b), Fla. Const.

The instructions, as set forth in the appendix to this opinion, are authorized for publication and use.[1] In authorizing the publication and use of these instructions, we express no opinion on their correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions. We further caution all interested parties that any comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. New language is indicated by underlining and deleted language is indicated by struck-through type. The instructions as set forth in the appendix shall be effective when this opinion becomes final.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

_____

1. The amendments as reflected in the appendix are to the Criminal Jury Instructions as they appear on the Court's website at www.floridasupremecourt.org /jury_instructions/instructions.shtml. We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions. Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.

Original Proceeding – Supreme Court Committee on Standard Jury Instructions in Criminal Cases

Judge Frederic Rand Wallis, Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, Daytona Beach, Florida; Judge Jerri Lynn Collins, Past Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, Sanford, Florida; and Barton Neil Schneider, Staff Liaison, Office of the State Courts Administrator, Tallahassee, Florida,

     for Petitioner

**Appendix**

**11.14 FAILURE BY A SEXUAL OFFENDER TO COMPLY
WITH REGISTRATION REQUIREMENTS**
**(Initially Register, Report, or Provide Registration Items)**
§ 943.0435(2)(a)–(b̶c̲), Fla. Stat.

**To prove the crime of Failure by a Sexual Offender to Comply with Registration Requirements, the State must prove the following three elements beyond a reasonable doubt:**

*Give 1a or 1b as applicable.*
**1.** (Defendant)

  **a.**   **is a sexual offender.**

  **b.**   **has agreed or stipulated that [he] [she] has been convicted as a sexual offender; therefore, you should consider the sexual offender status an element as proven by agreement of the parties.**

*If the defendant offers to stipulate, the court must accept the offer after conducting an on-the-record colloquy with the defendant. See Brown v. State, 719 So. 2d 882 (Fla. 1998); Johnson v. State, 842 So. 2d 228 (Fla. 1st DCA 2003). If there is a stipulation, the court should not give the definition of "sexual offender" or "convicted."*

  **2.**   (Defendant) **[established] [maintained] a permanent, temporary, or transient residence in** (name of county) **County, Florida.**

*Give 3a, 3b, 3c, o̶r̶ 3d, 3e, or 3f as applicable.*
**3.** (Defendant)

  **a.**   **knowingly failed to register in person at an office of the sheriff of** (name of county) **County within 48 hours after establishing permanent, temporary, or transient residence within this state.**

  **b.**   **knowingly failed to report in person at an office of the sheriff of** (name of county) **County within 48 hours**

after being released from the [custody, control, or supervision of the Florida Department of Corrections] [custody of a private correctional facility].

c.  knowingly failed to register in person at an office of the sheriff of (name of county) **County within 48 hours after having been convicted by a court in that county of an offense requiring registration.**

d.  knowingly failed to provide an office of the sheriff of (name of county) **County with [his] [her] [**(name the single unprovided registration item charged, as worded in the statute)**] [any one or more of the following items: [his] [her]** (name the unprovided registration items charged, as worded in the statute)**.]**

e.  knowingly failed to report in person at an office of the sheriff of (name of county) **within 48 hours after any change in vehicles owned to report those vehicle information changes.**

f.  knowingly failed to provide an office of the sheriff of (name of county) **with** (insert information, such as criminal and corrections records, nonprivileged personnel and treatment records, and evidentiary genetic markers)**, which [he] [she] knew had been deemed necessary by the Department of Law Enforcement and which was available.**

*Read only if the defendant is charged with failing to provide a physical residential address.*
**The defendant shall provide a physical residential address. A post office box shall not be provided in lieu of a physical residential address.**

*Give if the defendant meets his or her burden of production. See Barnes v. State, 108 So. 3d 700 (Fla. 1st DCA 2013).*
**It is a defense to the crime of Failure by a Sexual Offender to Comply with Registration Requirements that** (defendant) **attempted to comply but was misinformed or otherwise prevented from complying by the office of the sheriff.**

*There is no statute for the defense of being misinformed or otherwise prevented from registering, and the case law is silent as to (1) which party bears the burden of persuasion of the affirmative defense and (2) the standard for the burden of persuasion. Under the common law, defendants had both the burden of production and the burden of persuasion on an affirmative defense by a preponderance of the evidence.*

*The Florida Supreme Court has often decided, however, that once a defendant meets the burden of production on an affirmative defense, the burden of persuasion is on the State to disprove the affirmative defense beyond a reasonable doubt (e.g., self-defense and consent to enter in a burglary prosecution). In the absence of case law, trial judges must resolve the issue via a special instruction. See the opinion in Dixon v. United States, 548 U.S. 1 (2006), for further guidance.*

*If burden of persuasion is on the defendant:*
**If you find that** (defendant) **proved** (insert appropriate burden of persuasion) **that the office of the sheriff misinformed [him] [her] or otherwise prevented [him] [her] from complying with the registration requirements, you should find [him] [her] not guilty. If the defendant did not prove** (insert appropriate burden of persuasion) **that the office of the sheriff misinformed [him] [her] or otherwise prevented [him] [her] from complying, you should find [him] [her] guilty if all the elements of the charge have been proven beyond a reasonable doubt.**

*Or, if the burden of disproving the affirmative defense is on the State under the beyond a reasonable standard:*
**If you find that the State proved beyond a reasonable doubt that the office of the sheriff did not misinform** (defendant) **or did not otherwise prevent [him] [her] from complying with the registration requirements, you should find** (defendant) **guilty, if all of the elements of the charge have been proven beyond a reasonable doubt. However, if you have a reasonable doubt on the issue of whether the office of the sheriff misinformed** (defendant) **or otherwise prevented [him] [her] from complying with the registration requirements, you should find [him] [her] not guilty.**

*Definitions. See instruction 11.14(h) for the applicable definitions.*

## Lesser Included Offenses

No lesser included offenses have been identified for this offense.

**Comment**

This instruction was adopted in 2008 [983 So.2d 531] and amended in 2012 [85 So. 3d 1090], 2013 [113 So. 3d 754], ~~and~~ 2014 [148 So. 3d 1204], and 2016.

**11.14(a) FAILURE BY A SEXUAL OFFENDER TO COMPLY WITH REGISTRATION REQUIREMENTS**
**(Failure to Comply with Registration of a Residence, Motor Vehicle, Trailer, Mobile Home, Manufactured Home, Vessel, or Houseboat)**
§ 943.0435(2)(b)1., Fla. Stat.

**To prove the crime of Failure by a Sexual Offender to Comply with Registration Requirements, the State must prove the following three elements beyond a reasonable doubt:**

*Give 1a or1b as applicable.*
**1.** (Defendant)

    **a.    is a sexual offender.**

    **b.    has agreed or stipulated that [he] [she] has been convicted as a sexual offender; therefore, you should consider the sexual offender status element as proven by agreement of the parties.**

*If the defendant offers to stipulate, the court must accept the offer after conducting an on-the-record colloquy with the defendant. See Brown v. State, 719 So. 2d 882 (Fla. 1998); Johnson v. State, 842 So. 2d 228 (Fla. 1st DCA 2003). If there is a stipulation, the court should not give the definition of "sexual offender" or "convicted."*

    **2.** (Defendant) **[established] [maintained] a permanent, temporary, or transient residence in** (name of county) **County, Florida.**

*Give 3a or 3b as applicable.*
    **3.** (Defendant)

        **a.    uses as [his] [her] place of residence a [motor vehicle] [trailer] [mobile home] [manufactured home];**

        **and**

**knowingly failed to provide an office of the sheriff of** (name of county) **County with [the** (name the single unprovided registration item charged, as worded in the statute)**] [any one or more of the following items:** (name the unprovided registration items charged, as worded in the statute)**] of the [motor vehicle] [trailer] [mobile home] [manufactured home] where [he] [she] resides.**

b.  **uses as [his] [her] place of residence a [vessel] [live-aboard vessel] [houseboat];**

**and**

**knowingly failed to provide an office of the sheriff of** (name of county) **County with [the** (name the single unprovided registration item charged, as worded in the statute)**] [any one or more of the following items:** (name the unprovided registration items charged, as worded in the statute**] of the [vessel] [live-aboard vessel] [houseboat] where [he] [she] resides.**

*Give if the defendant meets his or her burden of production. See Barnes v. State, 108 So. 3d 700 (Fla. 1st DCA 2013).*
    **It is a defense to the crime of Failure by a Sexual Offender to Comply with Registration Requirements that** (defendant) **attempted to comply with the requirements but was misinformed or otherwise prevented from complying by the office of the sheriff.**

*There is no statute for the defense of being misinformed or otherwise prevented from registering, and the case law is silent as to (1) which party bears the burden of persuasion of the affirmative defense and (2) the standard for the burden of persuasion. Under the common law, defendants had both the burden of production and the burden of persuasion on an affirmative defense by a preponderance of the evidence.*
    *The Florida Supreme Court has often decided, however, that once a defendant meets the burden of production on an affirmative defense, the burden of persuasion is on the State to disprove the affirmative defense beyond a reasonable doubt (e.g., self-defense and consent to enter in a burglary prosecution). In the*

*absence of case law, trial judges must resolve the issue via a special instruction. See the opinion in Dixon v. United States, 548 U.S. 1 (2006), for further guidance.*

*If burden of persuasion is on the defendant:*
**If you find that** (defendant) **proved** (insert appropriate burden of persuasion) **that the office of the sheriff misinformed [him] [her] or otherwise prevented [him] [her] from complying with the registration requirements, you should find [him] [her] not guilty. If the defendant did not prove** (insert appropriate burden of persuasion) **that the office of the sheriff misinformed [him] [her] or otherwise prevented [him] [her] from complying, you should find [him] [her] guilty if all the elements of the charge have been proven beyond a reasonable doubt.**

*Or, if the burden of disproving the affirmative defense is on the State under the beyond a reasonable standard:*
**If you find that the State proved beyond a reasonable doubt that the office of the sheriff did not misinform** (defendant) **or did not otherwise prevent [him] [her] from complying with the registration requirements**, **you should find** (defendant) **guilty, if all of the elements of the charge have also been proven beyond a reasonable doubt. However, if you have a reasonable doubt on the issue of whether the office of the sheriff misinformed** (defendant) **or otherwise prevented [him] [her] from complying with the registration requirements, you should find [him] [her] not guilty.**

*Definitions.  <u>The definitions for trailer, mobile home, and manufactured home are in § 320.01, Fla. Stat., and the definitions for vessel, live-aboard vessel, and houseboat are in § 327.02, Fla. Stat.</u>*

*See instruction 11.14(h) for the <u>other </u>applicable definitions.*

## Lesser Included Offenses

No lesser included offenses have been identified for this offense.

## Comment

This instruction was adopted in 2008 [983 So.2d 531] and amended in 2012 [85 So. 3d 1090]<u>,</u> ~~and~~ 2014 <u>[148 So. 3d 1204], and 2016</u>.

**11.14(b) FAILURE BY A SEXUAL OFFENDER TO COMPLY
WITH REGISTRATION REQUIREMENTS
(Failure to Comply with Registration of [Employment] ~or~
[Enrollment] [Volunteering] [Carrying on a Vocation] at an Institution of
Higher Learning)**
§ 943.0435(2)(b)2., Fla. Stat.

**To prove the crime of Failure by a Sexual Offender to Comply with
Registration Requirements, the State must prove the following three elements
beyond a reasonable doubt:**

*Give 1a or 1b as applicable.*
    **1.** (Defendant)

        **a.**    **is a sexual offender.**

        **b.**    **has agreed or stipulated that [he] [she] has been convicted
as a sexual offender; therefore, you should consider the
sexual offender status element as proven by agreement of
the parties.**

*If the defendant offers to stipulate, the court must accept the offer after
conducting an on-the-record colloquy with the defendant. See Brown v. State, 719
So. 2d 882 (Fla. 1998); Johnson v. State, 842 So. 2d 228 (Fla. 1st DCA 2003). If
there is a stipulation, the court should not give the definition of "sexual offender"
or "convicted."*

    **2.** (Defendant) **[established] [maintained] a permanent, temporary,
or transient residence in** (name of county) **County, Florida.**

*Give 3a or 3b as applicable.*
    **3.** (Defendant)

        **a.**    **[is] [was] enrolled, employed, <u>volunteering,</u> or carrying on a
vocation at an institution of higher education in this state,
and**

            **knowingly failed to provide an office of the sheriff of** (name
of county) **County with [**(the name the single unprovided
registration item charged, as worded in the statute)**] [any one or**

**more the following items:** (name the unprovided registration items charged, as worded in the statute).**]**

    b.    **[is] [was] enrolled, employed, <u>volunteering,</u> or carrying on a vocation at an institution of higher education in this state.**

        **undertook a change in [his] [her] enrollment<u>, volunteer,</u> or employment status, and**

        **knowingly failed to report this change in person at an office of the sheriff of** (name of county) **County within 48 hours after the change.**

*Give if the defendant meets his or her burden of production. See Barnes v. State, 108 So. 3d 700 (Fla. 1st DCA 2013).*
**It is a defense to the crime of Failure by a Sexual Offender to Comply with Registration Requirements that** (defendant) **attempted to comply with the requirements but was misinformed or otherwise prevented from complying by the office of the sheriff.**

*There is no statute for the defense of being misinformed or otherwise prevented from complying with registration requirements, and the case law is silent as to (1) which party bears the burden of persuasion of the affirmative defense and (2) the standard for the burden of persuasion. Under the common law, defendants had both the burden of production and the burden of persuasion on an affirmative defense by a preponderance of the evidence.*
*The Florida Supreme Court has often decided, however, that once a defendant meets the burden of production on an affirmative defense, the burden of persuasion is on the State to disprove the affirmative defense beyond a reasonable doubt (e.g., self-defense and consent to enter in a burglary prosecution). In the absence of case law, trial judges must resolve the issue via a special instruction. See the opinion in Dixon v. United States, 548 U.S. 1 (2006), for further guidance.*

*If burden of persuasion is on the defendant:*
**If you find that** (defendant) **proved** (insert appropriate burden of persuasion) **that the office of the sheriff misinformed [him] [her] or otherwise prevented [him] [her] from complying with the registration requirements, you should find [him] [her] not guilty. If the defendant did not prove** (insert appropriate burden of persuasion) **that the office of the sheriff misinformed [him] [her] or otherwise prevented [him] [her] from complying, you should**

**find [him] [her] guilty if all the elements of the charge have been proven beyond a reasonable doubt.**

*Or, if the burden of disproving the affirmative defense is on the State under the beyond a reasonable standard:*
**If you find that the State proved beyond a reasonable doubt that the office of the sheriff did not misinform** (defendant) **or did not otherwise prevent [him] [her] from complying with the registration requirements**, **you should find [him] [her] guilty, if all of the elements of the charge have also been proven beyond a reasonable doubt. However, if you have a reasonable doubt on the issue of whether the office of the sheriff misinformed** (defendant) **or otherwise prevented [him] [her] from complying with the registration requirements, you should find [him] [her] not guilty.**

*Definitions. See instruction 11.14(h) for the applicable definitions.*

## Lesser Included Offenses

No lesser included offenses have been identified for this offense.

## Comment

This instruction was adopted in 2008 [983 So. 2d 531] and amended in 2012 [85 So. 3d 1090], ~~and~~ 2014 [148 So. 3d 1204], and 2016.

## 11.14(c) FAILURE BY A SEXUAL OFFENDER TO COMPLY WITH REGISTRATION REQUIREMENTS~~.~~
**(Failure to Report to Department of Highway Safety and Motor Vehicles)**
§ 943.0435(3), Fla. Stat.

**To prove the crime of Failure by a Sexual Offender to Comply with Registration Requirements, the State must prove the following three elements beyond a reasonable doubt:**

*Give 1a or 1b as applicable.*
   **1.** (Defendant)

       a. **is a sexual offender.**

      b.     **has agreed or stipulated that [he] [she] has been convicted as a sexual offender; therefore, you should consider the sexual offender status element as proven by agreement of the parties.**

*If the defendant offers to stipulate, the court must accept the offer after conducting an on-the-record colloquy with the defendant. See Brown v. State, 719 So. 2d 882 (Fla. 1998); Johnson v. State, 842 So. 2d 228 (Fla. 1st DCA 2003). If there is a stipulation, the court should not give the definition of "sexual offender" or "convicted."*

    **2.**  (Defendant) **[established] [maintained] a permanent, temporary, or transient residence in** (name of county) **County, Florida.**

*Give 3a or 3b as applicable.*
    **3.**  (Defendant)

      a.     **having registered as a sexual offender with an office of the sheriff of** (name of county) **County,**

           **knowingly failed to report in person to a driver's license office of the Department of Highway Safety and Motor Vehicles within 48 hours after registering to present proof of this registration, and**

           **knowingly failed to [secure a Florida driver's license] [renew [his] [her] Florida driver's license] [secure a Florida identification card].**

      b.     **reported in person to a driver's license office of the Department of Highway Safety and Motor Vehicles and [secured a Florida driver's license] [renewed [his] [her] Florida driver's license] [secured a Florida identification card], but in doing so,**

           *Give one or both of the following as applicable to the charge.*

          i.     **failed to report to that office that [he] [she] was a sexual offender.**

- 16 -

**ii.** **failed to provide that office with** **[**(name the single unprovided registration item charged, as worded in the statute)**]** **[any one or more of the following items:** (name the unprovided registration items charged, as worded in the statute)**].**

*Give if the defendant meets his or her burden of production. See Barnes v. State, 108 So. 3d 700 (Fla. 1st DCA 2013).*

**It is a defense to the crime of Failure by a Sexual Offender to Comply with Registration Requirements that** (defendant) **attempted to comply with the requirements but was misinformed or otherwise prevented from complying by the Department of Highway Safety and Motor Vehicles.**

*There is no statute for the defense of being misinformed or otherwise prevented from complying, and the case law is silent as to (1) which party bears the burden of persuasion of the affirmative defense and (2) the standard for the burden of persuasion. Under the common law, defendants had both the burden of production and the burden of persuasion on an affirmative defense by a preponderance of the evidence.*

*The Florida Supreme Court has often decided, however, that once a defendant meets the burden of production on an affirmative defense, the burden of persuasion is on the State to disprove the affirmative defense beyond a reasonable doubt (e.g., self-defense and consent to enter in a burglary prosecution). In the absence of case law, trial judges must resolve the issue via a special instruction. See the opinion in Dixon v. United States, 548 U.S. 1 (2006), for further guidance.*

*If burden of persuasion is on the defendant:*
**If you find that** (defendant) **proved** (insert appropriate burden of persuasion) **that the Department of Highway Safety and Motor Vehicles misinformed [him] [her] or otherwise prevented [him] [her] from complying with the registration requirements, you should find [him] [her] not guilty. If the defendant did not prove** (insert appropriate burden of persuasion) **that the Department of Highway Safety and Motor Vehicles misinformed [him] [her] or otherwise prevented [him] [her] from complying, you should find [him] [her] guilty if all the elements of the charge have been proven beyond a reasonable doubt.**

*Or, if the burden of disproving the affirmative defense is on the State under the beyond a reasonable standard:*

- 17 -

**If you find that the State proved beyond a reasonable doubt that the Department of Highway Safety and Motor Vehicles did not misinform** (defendant) **or did not otherwise prevent [him] [her] from complying with the registration requirements, you should find [him] [her] guilty, if all of the elements of the charge have also been proven beyond a reasonable doubt. However, if you have a reasonable doubt on the issue of whether the Department of Highway Safety and Motor Vehicles misinformed** (defendant) **or otherwise prevented [him] [her] from complying with the registration requirements, you should find [him] [her] not guilty.**

*Definitions. See instruction 11.14(h) for the applicable definitions.*

## Lesser Included Offenses

No lesser included offenses have been identified.

## Comments

§ 943.0435(3), Fla. Stat., does not apply if a driver license or identification card that complies with the requirements of § 322.141(3), Fla. Stat., was previously secured or updated under § 944.607, Fla. Stat. If this provision of the statute is an issue in the case, the trial judge will have to draft a special instruction.

This instruction was adopted in 2008 [983 So.2d 531] and amended in 2012 [85 So. 3d 1090], ~~and~~ 2014 [148 So. 3d 1204], and 2016.

## 11.14(d) FAILURE BY A SEXUAL OFFENDER TO COMPLY WITH REGISTRATION REQUIREMENTS
### (Failure to Report Change of Name or Address within the State or Jurisdiction)
§ 943.0435(4), Fla. Stat.

**To prove the crime of Failure by a Sexual Offender to Comply with Registration Requirements, the State must prove the following three elements beyond a reasonable doubt:**

*Give 1a or 1b as applicable.*
    **1.** (Defendant)

      **a.**    **is a sexual offender.**

      **b.**    **has agreed or stipulated that [he] [she] has been convicted as a sexual offender; therefore, you should consider the sexual offender status element as proven by agreement of the parties.**

*If the defendant offers to stipulate, the court must accept the offer after conducting an on-the-record colloquy with the defendant. See Brown v. State, 719 So. 2d 882 (Fla. 1998); Johnson v. State, 842 So. 2d 228 (Fla. 1st DCA 2003). If there is a stipulation, the court should not give the definition of "sexual offender" or "convicted."*

**2.** (Defendant) **[established] [maintained] a permanent, temporary, or transient residence in** (name of county) **County, Florida.**

*Give 3a, ~~or~~ 3b, ~~or~~ 3c, or 3d as applicable.*
**3.** (Defendant)

      **a.**    **knowingly failed to report in person to a driver's license office of the Department of Highway Safety and Motor Vehicles,**

         *Give i, ii, or iii as applicable.*
         **i.**    **when [his] [her] [driver's license] [identification card] was subject to renewal.**

         **ii.**    **within 48 hours after any change in [his] [her] permanent, temporary, or transient residence.**

         **iii.**    **within 48 hours after any change in [his] [her] name by reason of [marriage] [**(specify other legal process)**].**

      **b.**    **knowingly failed to report in person to an office of the sheriff of** (name of county) **County, within 48 hours of vacating [his] [her] permanent residence and failing to [establish] [maintain] another [permanent] [temporary] [transient] residence.**

**c.** **knowingly failed to report in person to an office of the sheriff of** (name of county) **County that [he] [she] remained at [his] [her] permanent residence, within 48 hours after [he] [she] reported to the sheriff [his] [her] intent to vacate [his] [her] permanent residence.**

**d.** **reported to**

*Give i or ii as applicable.*
**i.** **an office of the sheriff of** (name of county) **County**

**ii.** **a driver's license office of the Department of Highway Safety and Motor Vehicles**

**and**

*Give iii or iv as applicable.*
**iii.** **knowingly failed to provide that office with** (name the single unprovided registration item charged, as worded in the statute)**.**

**iv.** **knowingly failed to provide that office with any one or more of the following items**: (name the unprovided registration items charged, as worded in the statute)**.**

*Give if the defendant meets his or her burden of production. See Barnes v. State, 108 So. 3d 700 (Fla. 1st DCA 2013).*
**It is a defense to the crime of Failure by a Sexual Offender to Comply with Registration Requirements that** (defendant) **attempted to comply with the requirements but was misinformed or otherwise prevented from complying by the [office of the sheriff] [Department of Highway Safety and Motor Vehicles].**

*There is no statute for the defense of being misinformed or otherwise prevented from registering, and the case law is silent as to (1) which party bears the burden of persuasion of the affirmative defense and (2) the standard for the burden of persuasion. Under the common law, defendants had both the burden of production and the burden of persuasion on an affirmative defense by a preponderance of the evidence.*
*The Florida Supreme Court has often decided, however, that once a defendant meets the burden of production on an affirmative defense, the burden of*

*persuasion is on the State to disprove the affirmative defense beyond a reasonable doubt (e.g., self-defense and consent to enter in a burglary prosecution). In the absence of case law, trial judges must resolve the issue via a special instruction. See the opinion in Dixon v. United States, 548 U.S. 1 (2006), for further guidance.*

*If burden of persuasion is on the defendant:*
**If you find that** (defendant) **proved** (insert appropriate burden of persuasion) **that the [office of the sheriff] [Department of Highway Safety and Motor Vehicles] misinformed [him] [her] or otherwise prevented [him] [her] from complying with the registration requirements, you should find [him] [her] not guilty. If the defendant did not prove** (insert appropriate burden of persuasion) **that the[office of the sheriff]  [Department of Highway Safety and Motor Vehicles] misinformed [him] [her] or otherwise prevented [him] [her] from complying, you should find [him] [her] guilty if all the elements of the charge have been proven beyond a reasonable doubt.**

*Or, if the burden of disproving the affirmative defense is on the State under the beyond a reasonable standard:*
**If you find that the State proved beyond a reasonable doubt that the [office of the sheriff] [Department of Highway Safety and Motor Vehicles] did not misinform** (defendant) **or did not otherwise prevent [him] [her] from complying with the registration requirements**, **you should find [him] [her] guilty, if all of the elements of the charge have also been proven beyond a reasonable doubt. However, if you have a reasonable doubt on the issue of whether the [office of the sheriff] [Department of Highway Safety and Motor Vehicles] misinformed** (defendant) **or otherwise prevented [him] [her] from complying with the registration requirements, you should find [him] [her] not guilty.**

*Definitions.  See instruction 11.14(h) for the applicable definitions.*

**Lesser Included Offenses**

No lesser included offenses have been identified.

**Comment<u>s</u>**

<u>§ 943.0435(4)(a), Fla. Stat., requires sexual offenders to report certain changes to the sheriff's office within 48 hours of the change, even if unable to secure or update a driver license or identification card. In those instances, a special instruction will be needed.</u>

This instruction was adopted in 2008 [983 So.2d 531] and amended in 2012 [85 So. 3d 1090]<u>,</u> ~~and~~ 2014 [148 So. 3d 1204]<u>, and 2016</u>.


**11.14(e) FAILURE BY A SEXUAL OFFENDER TO COMPLY WITH REGISTRATION REQUIREMENTS**
**(Failure to Report Change of Residence to Another State or Jurisdiction <u>or Country</u>)**
§ 943.0435(7), Fla. Stat.

**To prove the crime of Failure by a Sexual Offender to Comply with Registration Requirements, the State must prove the following [four] [five] elements beyond a reasonable doubt:**

*Give 1a or 1b as applicable.*
    **1.** (Defendant)

        **a.** **is a sexual offender.**

        **b.** **has agreed or stipulated that [he] [she] has been convicted as a sexual offender; therefore, you should consider the sexual offender status element as proven by agreement of the parties.**

*If the defendant offers to stipulate, the court must accept the offer after conducting an on-the-record colloquy with the defendant. See Brown v. State, 719 So. 2d 882 (Fla. 1998); Johnson v. State, 842 So. 2d 228 (Fla. 1st DCA 2003). If there is a stipulation, the court should not give the definition of "sexual offender" or "convicted."*

    **2.** (Defendant) **[established] [maintained] a permanent, temporary, or transient residence in** (name of county) **County, Florida.**

**3.** (Defendant) **intended to leave this State to establish residence in another [state]** ~~or~~**[jurisdiction] [country] on** (date)**.**

*Give* ~~element 4 or 5, or both,~~ *as applicable.*

**4.** **a.** (Defendant) **knowingly failed to report in person to an office of the sheriff in the county of [his] [her] current residence within 48 hours before the date on which [he] [she] intended to leave this state to establish residence in another state or jurisdiction within the United States.**

**b.** (Defendant) **knowingly failed to report in person to an office of the sheriff in the county of [his] [her] current residence within 21 days before the date on which [he] [she] intended to leave this state to establish residence for 5 days or more outside the United States.**

~~5.~~**c.** (Defendant) **knowingly failed to provide the [address, municipality, county, and state] [address and country] of [his] [her] intended address, when [he] [she] reported to the sheriff's office of the county of [his] [her] current residence [his] [her] intention to establish residence in another [state]** ~~or~~**[jurisdiction] [country].**

*Give if the defendant meets his or her burden of production. See Barnes v. State, 108 So. 3d 700 (Fla. 1st DCA 2013).*

**It is a defense to the crime of Failure by a Sexual Offender to Comply with Registration Requirements that** (defendant) **attempted to comply with the requirements but was misinformed or otherwise prevented from complying by the office of the sheriff.**

*There is no statute for the defense of being misinformed or otherwise prevented from registering, and the case law is silent as to (1) which party bears the burden of persuasion of the affirmative defense and (2) the standard for the burden of persuasion. Under the common law, defendants had both the burden of production and the burden of persuasion on an affirmative defense by a preponderance of the evidence.*

*The Florida Supreme Court has often decided, however, that once a defendant meets the burden of production on an affirmative defense, the burden of persuasion is on the State to disprove the affirmative defense beyond a reasonable doubt (e.g., self-defense and consent to enter in a burglary prosecution). In the*

*absence of case law, trial judges must resolve the issue via a special instruction. See the opinion in Dixon v. United States, 548 U.S. 1 (2006), for further guidance.*

*If burden of persuasion is on the defendant:*
 **If you find that** (defendant) **proved** (insert appropriate burden of persuasion) **that the office of the sheriff misinformed [him] [her] or otherwise prevented [him] [her] from complying with the registration requirements, you should find [him] [her] not guilty. If the defendant did not prove** (insert appropriate burden of persuasion) **that the office of the sheriff misinformed [him] [her] or otherwise prevented [him] [her] from complying, you should find [him] [her] guilty if all the elements of the charge have been proven beyond a reasonable doubt.**

*Or, if the burden of disproving the affirmative defense is on the State under the beyond a reasonable standard:*
**If you find that the State proved beyond a reasonable doubt that the office of the sheriff did not misinform** (defendant) **or did not otherwise prevent [him] [her] from complying with the registration requirements**, **you should find [him] [her] guilty, if all of the elements of the charge have also been proven beyond a reasonable doubt. However, if you have a reasonable doubt on the issue of whether the office of the sheriff misinformed** (defendant) **or otherwise prevented [him] [her] from complying with the registration requirements, you should find [him] [her] not guilty.**

*Definitions.  See instruction 11.14(h) for the applicable definitions.*

**Lesser Included Offenses**

No lesser included offenses have been identified for this offense.

**Comment**

This instruction was adopted in 2008 [983 So.2d 531] and amended in 2012 [85 So. 3d 1090], ~~and~~ 2014 [148 So. 3d 1204], and 2016.

**11.14(g) FAILURE BY A SEXUAL OFFENDER TO COMPLY WITH REGISTRATION REQUIREMENTS**
**(Failure to Report Twice a Year/Failure to Report Quarterly/Providing False Information)**
§ 943.0435(14)(a) or (b), Fla. Stat.

*Give this statement if the charge is failure to report twice a year during the sexual offender's birthday month and six months later pursuant to § 943.0435(14)(a), Fla. Stat., or, for certain specified violators, failure to report during the sexual offender's birthday month and every third month thereafter pursuant to § 943.0435(14)(b), Fla. Stat.*

**To prove the crime of Failure by a Sexual Offender to Comply with Registration Requirements, the State must prove the following three elements beyond a reasonable doubt:**

*Give 1a or 1b as applicable if § 943.0435(14)(a), Fla. Stat., is charged.*
**1.** (Defendant)

    **a.** **is a sexual offender.**

    **b.** **has agreed or stipulated that [he] [she] has been convicted as a sexual offender; therefore, you should consider the sexual offender status element as proven by agreement of the parties.**

*Give 1c or 1d as applicable if § 943.0435(14)(b), Fla. Stat., is charged.*
    **c.** **is a sexual offender and is required to report and reregister as a result of a conviction for** (insert relevant factor in § 943.0435(14)(b)1.–(14)(b)10., Fla. Stat.)**.**

    **d.** **has agreed or stipulated that [he] [she] has been convicted as a sexual offender and that [he] [she] is required by law to report in person during [his] [her] birthday month and reregister every third month following [his] [her]** (year) **birthday month to an office of the sheriff in the county in which [he] [she] resides or is otherwise located.**

*If the defendant offers to stipulate, the court must accept the offer after conducting an on-the-record colloquy with the defendant. See Brown v. State, 719 So. 2d 882 (Fla. 1998); Johnson v. State, 842 So. 2d 228 (Fla. 1st DCA 2003). If there is a stipulation, the court should not give the definition of "sexual offender" or "convicted."*

**2.** (Defendant) **[established] [maintained] a permanent, temporary, or transient residence in (name of county) County, Florida.**

*Give 3a, 3b, 3c, 3d, ~~or~~ 3e, 3f, or 3g as applicable.*
**3.** (Defendant)

a. **knowingly failed to reregister by reporting in person during [his] [her] birthday month in** (year) **to an office of the sheriff in the county in which [he] [she] resides or is otherwise located.**

b. **knowingly failed to reregister by reporting in person during the sixth month following [his] [her]** (year) **birthday month to an office of the sheriff in the county in which [he] [she] resides or is otherwise located.**

c. **knowingly failed to reregister by reporting in person during every third month following [his] [her]** (year) **birthday month to an office of the sheriff in the county in which [he] [she] resides or is otherwise located.**

d. **knowingly failed to respond to the address verification correspondence from the Florida Department of Law Enforcement within three weeks from the date of the correspondence.**

e. **reported to an office of the sheriff of** (name of county) **to reregister,**

**and**

*Give i or ii as applicable.*

- 26 -

> **i.** **knowingly failed to provide that office with** (name the single unprovided registration item charged, as worded in the statute)**.**
>
> **ii.** **knowingly failed to provide that office with any one or more of the following items:** (name the unprovided registration items charged, as worded in the statute)**.**

> **f.** **knowingly failed to report all [electronic mail addresses] [and] [or] [all internet identifiers].**
>
> **g.** **knowingly provided false registration information by act or omission.**

*Read only if the defendant is charged with failing to provide a physical residential address.*
**The defendant shall provide a physical residential address. A post office box shall not be provided in lieu of a physical residential address.**

*Give if the defendant meets his or her burden of production. See Barnes v. State, 108 So. 3d 700 (Fla. 1st DCA 2013).*
**It is a defense to the crime of Failure by a Sexual Offender to Comply with Registration Requirements that** (defendant) **attempted to comply with the requirements but was misinformed or otherwise prevented from complying by the office of the sheriff.**

*There is no statute for the defense of being misinformed or otherwise prevented from registering, and the case law is silent as to (1) which party bears the burden of persuasion of the affirmative defense and (2) the standard for the burden of persuasion. Under the common law, defendants had both the burden of production and the burden of persuasion on an affirmative defense by a preponderance of the evidence.*
*The Florida Supreme Court has often decided, however, that once a defendant meets the burden of production on an affirmative defense, the burden of persuasion is on the State to disprove the affirmative defense beyond a reasonable doubt (e.g., self-defense and consent to enter in a burglary prosecution). In the absence of case law, trial judges must resolve the issue via a special instruction. See the opinion in Dixon v. United States, 548 U.S. 1 (2006), for further guidance.*

*If burden of persuasion is on the defendant:*

**If you find that** (defendant) **proved** (insert appropriate burden of persuasion) **that the [office of the sheriff] [Florida Department of Law Enforcement] misinformed [him] [her] or otherwise prevented [him] [her] from complying with the registration requirements, you should find [him] [her] not guilty. If the defendant did not prove** (insert appropriate burden of persuasion) **that the [office of the sheriff] [Florida Department of Law Enforcement] misinformed [him] [her] or otherwise prevented [him] [her] from complying, you should find [him] [her] guilty if all the elements of the charge have been proven beyond a reasonable doubt.**

*Or, if the burden of disproving the affirmative defense is on the State under the beyond a reasonable standard:*
**If you find that the State proved beyond a reasonable doubt that the [office of the sheriff] [Florida Department of Law Enforcement] did not misinform** (defendant) **or did not otherwise prevent [him] [her] from complying with the registration requirements, you should find [him] [her] guilty, if all of the elements of the charge have also been proven beyond a reasonable doubt. However, if you have a reasonable doubt on the issue of whether the [office of the sheriff] [Florida Department of Law Enforcement] misinformed** (defendant) **or otherwise prevented [him] [her] from complying, with the registration requirements, you should find [him] [her] not guilty.**

*Definitions.  See instruction 11.14(h) for the applicable definitions.*

**Lesser Included Offenses**
No lesser included offenses have been identified for this offense.

**Comments**
This instruction covers some of the ways a defendant can violate § 943.0435(14), Fla. Stat. There are other possibilities within the statute that will require a special instruction.

This instruction was adopted in 2008 [983 So. 2d 531] and amended in 2012 [85 So. 3d 1090], 2013 [113 So. 3d 754], ~~and~~ 2014 [140 So. 3d 1204], and 2016.

# 11.14(h) SEXUAL OFFENDER DEFINITIONS
§ 943.0435(1), Fla. Stat.

*Definitions.*
**"Sexual offender" means a person who** *(Insert the appropriate criteria specified by § 943.0435(1))*<u>*, Fla. Stat*</u>.

**"Convicted" means there has been a determination of guilt as a result of a trial or the entry of a plea of guilty or nolo contendere, regardless of whether adjudication is withheld.** *(Note to Judge: For juvenile, military, federal and out of state convictions see § 943.0435(1)*<u>*,*</u> *Fla. Stat.)*

**"Institution of higher education" means a career center, community college, college, state university, or independent postsecondary institution.**

**"Change in enrollment or employment status" means the commencement or termination of enrollment or employment or a change in location of enrollment or employment.**

**"Physical residential address" does not include a post office box, but may be a location that has no specific street address.**

**"Permanent residence" means a place where the person abides, lodges, or resides for 5 or more consecutive days.**

**"Temporary residence" means a place where the person abides, lodges, or resides, including, but not limited to, vacation, business, or personal travel destinations in or out of this state, for a period of 5 or more days in the aggregate during any calendar year and which is not the person's permanent address or, for a person whose permanent residence is not in this state, a place where the person is employed, practices a vocation, or is enrolled as a student for any period of time in this state.**

**"Transient residence" means a place or county where a person lives, remains, or is located for a period of 5 or more days in the aggregate during a calendar year and which is not the person's permanent or temporary address. The term includes, but is not limited to, a place where the person sleeps or seeks shelter and a location that has no specific street address.**

"Electronic mail address" means a destination, commonly expressed as a string of characters, to which electronic mail may be sent or delivered.

~~"Instant message name" means an identifier that allows a person to communicate in real time with another person using the Internet.~~

"Internet identifier" means all electronic mail, chat, instant messenger, social networking, application software, or similar names used for Internet communication, but does not include a date of birth, social security number, or personal identification number (PIN).

"Vehicles owned" means any motor vehicle which is registered, coregistered, leased, titled, or rented by a sexual predator or sexual offender; a rented vehicle that a sexual predator or sexual offender is authorized to drive; or a vehicle for which a sexual predator or sexual offender is insured as a driver. The term also includes any motor vehicle which is registered, coregistered, leased, titled, or rented by a person or persons residing at a sexual predator's or sexual offender's permanent residence for 5 or more consecutive days.

"Motor vehicle" means an automobile, motorcycle, truck, trailer, semitrailer, truck tractor and semitrailer combination, or any other vehicle operated on the roads of this state, used to transport persons or property, and propelled by power other than muscular power [but the term does not include traction engines, road rollers, special mobile equipment, vehicles that run only upon a track, bicycles, swamp buggies, or mopeds].

["Motor vehicle" includes a recreational vehicle-type unit primarily designed as temporary living quarters for recreational, camping, or travel use, which either has its own motive power or is mounted on or drawn by another vehicle.]

### Comment

This instruction was adopted in 2008 [983 So. 2d 531] and ~~revised~~amended in 2012 [85 So. 3d 1090], ~~and~~ 2013 [113 So. 3d 754], and 2016.

## 11.14(i) FAILURE BY A SEXUAL OFFENDER TO COMPLY WITH REGISTRATION REQUIREMENTS
### (Failure to Report Every 30 Days for Transient Residences)
§ 943.0435(4)(b)2. and § 943.0435(4)(d), Fla. Stat.

*Give this if the charge is failure to report every 30 days after registering with information regarding a transient residence.*

**To prove the crime of Failure by a Sexual Offender to Comply with Registration Requirements, the State must prove the following three elements beyond a reasonable doubt:**

*Give 1a or 1b as applicable.*
    **1.** (Defendant)

        **a. is a sexual offender.**

        **b. has agreed or stipulated that [he] [she] has been convicted as a sexual offender; therefore, you should consider the sexual offender status element as proven by agreement of the parties.**

*If the defendant offers to stipulate, the court must accept the offer after conducting an on-the-record colloquy with the defendant. See Brown v. State, 719 So. 2d 882 (Fla. 1998); Johnson v. State, 842 So. 2d 228 (Fla. 1st DCA 2003). If there is a stipulation, the court should not give the definition of "sexual offender" or "convicted."*

    **2.** (Defendant) **established a transient residence in** (name of county) **County, Florida.**

    **3.** (Defendant) **knowingly failed to report the address and location where [he] [she] maintained a transient residence, in person, to the office of the sheriff in the county in which [he] [she] maintained a transient residence, every 30 days after [he] [she] initially reported to the sheriff that [he] [she] had established a transient residence.**

    *Read only if the defendant is charged with failing to provide a physical residential address.*

**The defendant shall provide a physical residential address. A post office box shall not be provided in lieu of a physical residential address.**

*Give if the defendant meets his or her burden of production. See Barnes v. State, 108 So. 3d 700 (Fla. 1st DCA 2013).*

**It is a defense to the crime of Failure by a Sexual Offender to Comply with Registration Requirements that** (defendant) **attempted to comply with the requirements but was misinformed or otherwise prevented from complying by the office of the sheriff.**

*There is no statute for the defense of being misinformed or otherwise prevented from registering, and the case law is silent as to (1) which party bears the burden of persuasion of the affirmative defense and (2) the standard for the burden of persuasion. Under the common law, defendants had both the burden of production and the burden of persuasion on an affirmative defense by a preponderance of the evidence.*

*The Florida Supreme Court has often decided, however, that once a defendant meets the burden of production on an affirmative defense, the burden of persuasion is on the State to disprove the affirmative defense beyond a reasonable doubt (e.g., self-defense and consent to enter in a burglary prosecution). In the absence of case law, trial judges must resolve the issue via a special instruction. See the opinion in Dixon v. United States, 548 U.S. 1 (2006), for further guidance.*

*If burden of persuasion is on the defendant:*
**If you find that** (defendant) **proved** (insert appropriate burden of persuasion) **that the [office of the sheriff] [Florida Department of Law Enforcement] misinformed [him] [her] or otherwise prevented [him] [her] from complying with the registration requirements, you should find [him] [her] not guilty. If the defendant did not prove** (insert appropriate burden of persuasion) **that the [office of the sheriff] [Florida Department of Law Enforcement] misinformed [him] [her] or otherwise prevented [him] [her] from complying, you should find [him] [her] guilty if all the elements of the charge have been proven beyond a reasonable doubt.**

*Or, if the burden of disproving the affirmative defense is on the State under the beyond a reasonable doubt standard:*
**If you find that the State proved beyond a reasonable doubt that the [office of the sheriff] [Florida Department of Law Enforcement] did not misinform** (defendant) **or did not otherwise prevent [him] [her] from**

**complying with the registration requirements, you should find [him] [her] guilty, if all of the elements of the charge have also been proven beyond a reasonable doubt. However, if you have a reasonable doubt on the issue of whether the [office of the sheriff] [Florida Department of Law Enforcement] misinformed** (defendant) **or otherwise prevented [him] [her] from complying with the registration requirements, you should find [him] [her] not guilty.**

*Definitions. See instruction 11.14(h) for the applicable definitions.*

## Lesser Included Offenses

No lesser included offenses have been identified for this offense.

## Comment

This instruction was adopted in 2016.

## 11.15 FAILURE TO REGISTER AS A SEXUAL PREDATOR
### (Initially Register – In Custody, Control or under the Supervision of the Department of Corrections)
§ 775.21(6)(b), Fla. Stat.

**To prove the crime of Failure to Register as a Sexual Predator, the State must prove the following three elements beyond a reasonable doubt:**

*Give 1a or 1b as applicable.*
**1.** (Defendant)

  **a. is a sexual predator.**

  **b. has agreed or stipulated that [he] [she] has been convicted as a sexual predator; therefore, you should consider the sexual predator status element as proven by agreement of the parties.**

*If the defendant offers to stipulate, the court must accept the offer after conducting an on-the-record colloquy with the defendant. See Brown v. State, 719 So. 2d 882 (Fla. 1998); Johnson v. State, 842 So. 2d 228 (Fla. 1st DCA 2003). If*

*there is a stipulation, the court should not give the definition of "sexual predator" or "convicted."*

> **2.** (Defendant) **is [in the custody or control of the Department of Corrections] [under the supervision of the Department of Corrections] [in the custody of a private correctional facility][under the supervision of the Department of Corrections, but not incarcerated].**
>
> **3.** (Defendant) **[knowingly failed to register with the Department of Corrections as a sexual predator][knowingly failed to register with the Department of Corrections within 3 <u>business </u>days of having been classified <u>by a judge </u>as a sexual predator].**

*Give if the defendant meets his or her burden of production. See Barnes v. State, 108 So. 3d 700 (Fla. 1st DCA 2013).*
**It is a defense to the crime of Failure to Register as a Sexual Predator that** (defendant) **attempted to register as required by law but was misinformed or otherwise prevented from timely registering by the Department of Corrections.**

*There is no statute for the defense of being misinformed or otherwise prevented from registering, and the case law is silent as to (1) which party bears the burden of persuasion of the affirmative defense and (2) the standard for the burden of persuasion. Under the common law, defendants had both the burden of production and the burden of persuasion on an affirmative defense by a preponderance of the evidence.*
*The Florida Supreme Court has often decided, however, that once a defendant meets the burden of production on an affirmative defense, the burden of persuasion is on the State to disprove the affirmative defense beyond a reasonable doubt (e.g., self-defense and consent to enter in a burglary prosecution). In the absence of case law, trial judges must resolve the issue via a special instruction. See the opinion in Dixon v. United States, 548 U.S. 1 (2006), for further guidance.*

*If burden of persuasion is on the defendant:*
 **If you find that** (defendant) **proved** (insert appropriate burden of persuasion) **that the Department of Corrections misinformed [him] [her] or otherwise prevented [him] [her] from registering, you should find [him] [her] not guilty. If the defendant did not prove** (insert appropriate burden of persuasion) **that the Department of Corrections misinformed [him] [her] or**

**otherwise prevented [him] [her] from registering, you should find [him] [her] guilty if all the elements of the charge have been proven beyond a reasonable doubt.**

*Or, if the burden of disproving the affirmative defense is on the State under the beyond a reasonable standard:*
**If you find that the State proved beyond a reasonable doubt that the Department of Corrections did not misinform** (defendant) **or did not otherwise prevent [him] [her] from registering**, **you should find [him] [her] guilty, if all of the elements of the charge have also been proven beyond a reasonable doubt. However, if you have a reasonable doubt on the issue of whether the Department of Corrections misinformed** (defendant) **or otherwise prevented [him] [her] from registering, you should find [him] [her] not guilty.**

*Definitions.  See instruction 11.15(l) for the applicable definitions.*

### Lesser Included Offenses

No lesser included offenses have been identified for this offense.

### Comment

This instruction was adopted in 2008 [983 So. 2d 531] and amended in 2014 [148 So. 3d 1204], and 2016.

### 11.15(b) FAILURE BY A SEXUAL PREDATOR TO COMPLY WITH REGISTRATION REQUIREMENTS (Failure to Provide Required Information)
§ 775.21(6)(a)1., Fla. Stat.

**To prove the crime of Failure by a Sexual Predator to Comply with Registration Requirements, the State must prove the following three elements beyond a reasonable doubt:**

*Give 1a or 1b as applicable.*
    **1.** (Defendant)

        **a.** **is a sexual predator.**

**b.** **has agreed or stipulated that [he] [she] has been convicted as a sexual predator; therefore, you should consider the sexual predator status element as proven by agreement of the parties.**

*If the defendant offers to stipulate, the court must accept the offer after conducting an on-the-record colloquy with the defendant. See Brown v. State, 719 So. 2d 882 (Fla. 1998); Johnson v. State, 842 So. 2d 228 (Fla. 1st DCA 2003). If there is a stipulation, the court should not give the definition of "sexual predator" or "convicted."*

**2.** (Defendant) **established or maintained a permanent, temporary, or transient residence in** (name of county) **County, Florida.**

*Give 3a or 3b as applicable.*
   *§ 775.21(6)(a)1., Fla. Stat.*
**3.** **a.** (Defendant) **knowingly failed to provide an office of the sheriff of** (name of county) **County with [his] [her] [**(name the single unprovided registration item charged, as worded in the statute)**] [any one or more of the following items: [his] [her]** (name the unprovided registration items charged, as worded in the statute)**].**

   *§ 775.21(6)(a)1.c., Fla. Stat.*
   **b.** (Defendant) **knowingly failed to provide an office of the sheriff of** (name of county) **within 48 hours after a change in vehicles owned to report those vehicle information changes.**

*Read only if the defendant is charged with failing to provide a physical residential address.*
**The defendant shall provide a physical residential address. A post office box shall not be provided in lieu of a physical residential address.**

*Give if the defendant meets his or her burden of production. See Barnes v. State, 108 So. 3d 700 (Fla. 1st DCA 2013).*
**It is a defense to the crime of Failure by a Sexual Predator to Comply with Registration Requirements that** (defendant) **attempted to comply with the requirements but was misinformed or otherwise prevented from complying by the office of the sheriff.**

*There is no statute for the defense of being misinformed or otherwise prevented from registering, and the case law is silent as to (1) which party bears the burden of persuasion of the affirmative defense and (2) the standard for the burden of persuasion. Under the common law, defendants had both the burden of production and the burden of persuasion on an affirmative defense by a preponderance of the evidence.*

*The Florida Supreme Court has often decided, however, that once a defendant meets the burden of production on an affirmative defense, the burden of persuasion is on the State to disprove the affirmative defense beyond a reasonable doubt (e.g., self-defense and consent to enter in a burglary prosecution). In the absence of case law, trial judges must resolve the issue via a special instruction. See the opinion in Dixon v. United States, 548 U.S. 1 (2006), for further guidance.*

*If burden of persuasion is on the defendant:*
**If you find that** (defendant) **proved** (insert appropriate burden of persuasion) **that the office of the sheriff misinformed [him] [her] or otherwise prevented [him] [her] from complying with the registration requirements, you should find [him] [her] not guilty. If the defendant did not prove** (insert appropriate burden of persuasion) **that the office of the sheriff misinformed [him] [her] or otherwise prevented [him] [her] from complying, you should find [him] [her] guilty if all the elements of the charge have been proven beyond a reasonable doubt.**

*Or, if the burden of disproving the affirmative defense is on the State under the beyond a reasonable standard:*
**If you find that the State proved beyond a reasonable doubt that the office of the sheriff did not misinform** (defendant) **or did not otherwise prevent [him] [her] from complying with the registration requirements**, **you should find [him] [her] guilty, if all of the elements of the charge have also been proven beyond a reasonable doubt. However, if you have a reasonable doubt on the issue of whether the office of the sheriff misinformed** (defendant) **or otherwise prevented [him] [her] from complying with the registration requirements, you should find [him] [her] not guilty.**

*Definitions. See instruction 11.15(l) for the applicable definitions.*

**Lesser Included Offenses**

No lesser included offenses have been identified for this offense.

**Comment**

This instruction was adopted in 2008 [983 So. 2d 531] and amended in 2012 [85 So. 2d 1090], 2013 [113 So. 3d 754], ~~and~~ 2014 [148 So. 3d 1204], and 2016.

**11.15(c) FAILURE BY A SEXUAL PREDATOR TO COMPLY WITH REGISTRATION REQUIREMENTS**
**(Failure to Comply with Registration of a Residence, Motor Vehicle, Trailer, Mobile Home, or Manufactured Home)**
§775.21(6)(a)1.a., Fla. Stat.

**To prove the crime of Failure by a Sexual Predator to Comply with Registration Requirements, the State must prove the following three elements beyond a reasonable doubt:**

*Give 1a or 1b as applicable.*
**1.** (Defendant)

      **a.** **is a sexual predator.**

      **b.** **has agreed or stipulated that [he] [she] has been convicted as a sexual predator; therefore, you should consider the sexual predator status element as proven by agreement of the parties.**

*If the defendant offers to stipulate, the court must accept the offer after conducting an on-the-record colloquy with the defendant. See Brown v. State, 719 So. 2d 882 (Fla. 1998); Johnson v. State, 842 So. 2d 228 (Fla. 1st DCA 2003). If there is a stipulation, the court should not give the definition of "sexual predator" or "convicted."*

    **2.** (Defendant) **established or maintained a permanent, temporary, or transient residence in** (name of county) **County, Florida.**

*Give 3a or 3b as applicable.*

**3.** (Defendant)

    **a.** **used as [his] [her] place of residence a [motor vehicle] [trailer] [mobile home] [manufactured home];**

        **and**

        **knowingly failed to provide an office of the sheriff of** (name of county) **County with [the** (name the single unprovided registration item charged, as worded in the statute)**] [any one or more of the following items:** (name the unprovided registration items charged, as worded in the statute)**]of the [motor vehicle] [trailer] [mobile home] [manufactured home] where [he] [she] resides.**

    **b.** **used as [his] [her] place of residence a [vessel] [live-aboard vessel] [houseboat];**

        **and**

        **knowingly failed to provide an office of the sheriff of** (name of the county) **County with [the** (name the single unprovided registration item charged, as worded in the statute)**] [any one or more of the following items:** (name the unprovided registration items charged, as worded in the statute)**] of the [vessel] [live-aboard vessel] [houseboat] where [he] [she] resides.**

*Give if the defendant meets his or her burden of production. See Barnes v. State, 108 So. 3d 700 (Fla. 1st DCA 2013).*

**It is a defense to the crime of Failure by a Sexual Predator to Comply with Registration Requirements that** (defendant) **attempted to comply with the requirements but was misinformed or otherwise prevented from complying by the office of the sheriff.**

*There is no statute for the defense of being misinformed or otherwise prevented from registering, and the case law is silent as to (1) which party bears the burden of persuasion of the affirmative defense and (2) the standard for the burden of persuasion. Under the common law, defendants had both the burden of*

*production and the burden of persuasion on an affirmative defense by a preponderance of the evidence.*

*The Florida Supreme Court has often decided, however, that once a defendant meets the burden of production on an affirmative defense, the burden of persuasion is on the State to disprove the affirmative defense beyond a reasonable doubt (e.g., self-defense and consent to enter in a burglary prosecution). In the absence of case law, trial judges must resolve the issue via a special instruction. See the opinion in Dixon v. United States, 548 U.S. 1 (2006), for further guidance.*

*If burden of persuasion is on the defendant:*
**If you find that** (defendant) **proved** (insert appropriate burden of persuasion) **that the office of the sheriff misinformed [him] [her] or otherwise prevented [him] [her] from complying with the registration requirements, you should find [him] [her] not guilty. If the defendant did not prove** (insert appropriate burden of persuasion) **that the office of the sheriff misinformed [him] [her] or otherwise prevented [him] [her] from complying, you should find [him] [her] guilty if all the elements of the charge have been proven beyond a reasonable doubt.**

*Or, if the burden of disproving the affirmative defense is on the State under the beyond a reasonable standard:*
**If you find that the State proved beyond a reasonable doubt that the office of the sheriff did not misinform** (defendant) **or did not otherwise prevent [him] [her] from complying with the registration requirements**, **you should find [him] [her] guilty, if all of the elements of the charge have also been proven beyond a reasonable doubt. However, if you have a reasonable doubt on the issue of whether the office of the sheriff misinformed** (defendant) **or otherwise prevented [him] [her] from complying with the registration requirements, you should find [him] [her] not guilty.**

*Definitions. See instruction 11.15(l) for the applicable definitions. <u>The definitions for trailer, mobile home, and manufactured home are in § 320.01, Fla. Stat., and the definitions for vessel, live-aboard vessel, and houseboat are in § 327.02, Fla. Stat.</u>*

### Lesser Included Offenses

No lesser included offenses have been identified for this offense.

**Comment**

This instruction was adopted in 2008 [983 So.2d 531] and amended in 2012 [85 So. 3d 1090], and 2014 [148 So. 3d 1204], and 2016.


**11.15(d) FAILURE BY A SEXUAL PREDATOR TO COMPLY
WITH REGISTRATION REQUIREMENTS
(Failure to Comply with Registration of [Enrollment] or
[Employment] [Volunteering] [Carrying on a Vocation] at anin Institutions of
Higher Education)**
§ 775.21(6)(a)1.b., Fla. Stat.

**To prove the crime of Failure by a Sexual Predator to Comply with Registration Requirements, the State must prove the following three elements beyond a reasonable doubt:**

*Give 1a or 1b as applicable.*
   **1.** (Defendant)

      **a.** **is a sexual predator.**

      **b.** **has agreed or stipulated that [he] [she] has been convicted as a sexual predator; therefore, you should consider the sexual predator status element as proven by agreement of the parties.**

*If the defendant offers to stipulate, the court must accept the offer after conducting an on-the-record colloquy with the defendant.  See Brown v. State, 719 So. 2d 882 (Fla. 1998); Johnson v. State, 842 So. 2d 228 (Fla. 1st DCA 2003).  If there is a stipulation, the Court should not give the definition of "sexual predator" or "convicted."*

   **2.** (Defendant) [**established**] [**maintained**] **a permanent, temporary, or transient residence in** (name of county) **County, Florida.**

*Give 3a, 3b, or 3c as applicable.*
   **3.** (Defendant)

a.    [is] [was] **enrolled, employed, <u>volunteering,</u> or carrying on a vocation at an institution of higher education in this state, and**

**knowingly failed to provide the office of the sheriff of** (name of county) **County with the [**(name the single unprovided registration item charged, as worded in the statute)**] [any one or more of the following items:** (name the unprovided registration items charged, as worded in the statute)**].**

b.    [is] [was] **enrolled, employed, <u>volunteering,</u> or carrying on a vocation at an institution of higher education in this state;**

**undertook a change in [his] [her] enrollment<u>, volunteer,</u> or employment status, and**

**knowingly failed to report this change in person at an office of the sheriff of** (name of county) **County within 48 hours after the change.**

c.    [is] [was] **in the custody of or under the supervision of the Department of Corrections;**

[is] [was] **enrolled, employed, <u>volunteering,</u> or carrying on a vocation at an institution of higher education in this state; undertook a change in [his] [her] enrollment or employment status, and**

**knowingly failed to report this change to the Department of Corrections within 48 hours after the change.**

*Give if the defendant meets his or her burden of production. See Barnes v. State, 108 So. 3d 700 (Fla. 1st DCA 2013).*
       **It is a defense to the crime of Failure by a Sexual Predator to Comply with Registration Requirements that** (defendant) **attempted to comply with the requirements but was misinformed or otherwise prevented from complying by the [office of the sheriff] [Department of Corrections].**

*There is no statute for the defense of being misinformed or otherwise prevented from registering, and the case law is silent as to (1) which party bears*

*the burden of persuasion of the affirmative defense and (2) the standard for the burden of persuasion. Under the common law, defendants had both the burden of production and the burden of persuasion on an affirmative defense by a preponderance of the evidence.*

*The Florida Supreme Court has often decided, however, that once a defendant meets the burden of production on an affirmative defense, the burden of persuasion is on the State to disprove the affirmative defense beyond a reasonable doubt (e.g., self-defense and consent to enter in a burglary prosecution). In the absence of case law, trial judges must resolve the issue via a special instruction. See the opinion in Dixon v. United States, 548 U.S. 1 (2006), for further guidance.*

*If burden of persuasion is on the defendant:*
**If you find that** (defendant) **proved** (insert appropriate burden of persuasion) **that the [office of the sheriff][Department of Corrections] misinformed [him] [her] or otherwise prevented [him] [her] from complying with the registration requirements, you should find [him] [her] not guilty. If the defendant did not prove** (insert appropriate burden of persuasion) **that the [office of the sheriff] [Department of Corrections] misinformed [him] [her] or otherwise prevented [him] [her] from complying, you should find [him] [her] guilty if all the elements of the charge have been proven beyond a reasonable doubt.**

*Or, if the burden of disproving the affirmative defense is on the State under the beyond a reasonable standard:*
**If you find that the State proved beyond a reasonable doubt that the [office of the sheriff] [Department of Corrections]did not misinform** (defendant) **or did not otherwise prevent [him] [her] from complying with the registration requirements**, **you should find [him] [her] guilty, if all of the elements of the charge have also been proven beyond a reasonable doubt. However, if you have a reasonable doubt on the issue of whether the office of the sheriff misinformed** (defendant) **or otherwise prevented [him] [her] from complying with the registration requirements, you should find [him] [her] not guilty.**

*Definitions.  See instruction 11.15(l) for the applicable definitions.*

**Lesser Included Offenses**

No lesser included offenses have been identified for this offense.

**Comment**

This instruction was adopted in 2008 [983 So.2d 531] and amended in 2012 [85 So. 3d 1090], ~~and~~ 2014 [148 So. 3d 1204], and 2016.


**11.15(e) FAILURE BY A SEXUAL PREDATOR TO COMPLY WITH REGISTRATION REQUIREMENTS**
**(Failure to Report to Department of Highway Safety and Motor Vehicles)**
§ 775.21(6)(f), Fla. Stat.

**To prove the crime of Failure by a Sexual Predator to Comply with Registration Requirements, the State must prove the following three elements beyond a reasonable doubt:**

*Give 1a or 1b as applicable.*
    **1.** (Defendant)

        **a.**    **is a sexual predator.**

        **b.**    **has agreed or stipulated that [he] [she] has been convicted as a sexual predator; therefore, you should consider the sexual predator status element as proven by agreement of the parties.**

*If the defendant offers to stipulate, the court must accept the offer after conducting an on-the-record colloquy with the defendant. See Brown v. State, 719 So. 2d 882 (Fla. 1998); Johnson v. State, 842 So. 2d 228 (Fla. 1st DCA 2003). If there is a stipulation, the court should not give the definition of "sexual predator" or "convicted."*

    **2.** (Defendant) [**established**] [**maintained**] a [**permanent**] [**temporary**] [**transient**] **residence in** (name of county) **County, Florida.**

*Give 3a or 3b as applicable.*
    **3.** (Defendant)

        **a.**    **was not incarcerated;**

[he] [she] resided in the community and was [under the supervision] [not under the supervision] of the Department of Corrections;

[he] [she] registered as a sexual predator with an office of the sheriff of (name of county) County; and

knowingly failed to report in person at a driver's license office of the Department of Highway Safety and Motor Vehicles within 48 hours after registering to present proof of this registration.

b.  reported in person to a driver's license office of the Department of Highway Safety and Motor Vehicles, and either knowingly failed to [secure a Florida driver's license] [renew a Florida driver's license] [secure an identification card] or secured a Florida driver's license] [renewed [his] [her] Florida driver's license] [secured a Florida identification card], but in doing so,

*Give one or both of the following as applicable to the charge.*

i.  failed to report to that office that [he] [she] was a sexual predator.

ii.  failed to provide that office with [(name the single unprovided registration item charged, as worded in the statute)] [any one or more of the following items: (name the unprovided registration items charged, as worded in the statute)].

*Give if the defendant meets his or her burden of production. See Barnes v. State, 108 So. 3d 700 (Fla. 1st DCA 2013).*

It is a defense to the crime of Failure by a Sexual Predator to Comply with Registration Requirements that (defendant) attempted to comply with the requirements but was misinformed or otherwise prevented from complying by the Department of Highway Safety and Motor Vehicles.

*There is no statute for the defense of being misinformed or otherwise prevented from registering, and the case law is silent as to (1) which party bears the burden of persuasion of the affirmative defense and (2) the standard for the burden of persuasion. Under the common law, defendants had both the burden of production and the burden of persuasion on an affirmative defense by a preponderance of the evidence.*

*The Florida Supreme Court has often decided, however, that once a defendant meets the burden of production on an affirmative defense, the burden of persuasion is on the State to disprove the affirmative defense beyond a reasonable doubt (e.g., self-defense and consent to enter in a burglary prosecution). In the absence of case law, trial judges must resolve the issue via a special instruction. See the opinion in Dixon v. United States, 548 U.S. 1 (2006), for further guidance.*

*If burden of persuasion is on the defendant:*
 **If you find that** (defendant) **proved** (insert appropriate burden of persuasion) **that the Department of Highway Safety and Motor Vehicles misinformed [him] [her] or otherwise prevented [him] [her] from complying with the registration requirements, you should find [him] [her] not guilty. If the defendant did not prove** (insert appropriate burden of persuasion) **that the Department of Highway Safety and Motor Vehicles misinformed [him] [her] or otherwise prevented [him] [her] from complying, you should find [him] [her] guilty if all the elements of the charge have been proven beyond a reasonable doubt.**

*Or, if the burden of disproving the affirmative defense is on the State under the beyond a reasonable standard:*
**If you find that the State proved beyond a reasonable doubt that the Department of Highway Safety and Motor Vehicles did not misinform** (defendant) **or did not otherwise prevent [him] [her] from complying with the registration requirements**, **you should find [him] [her] guilty, if all of the elements of the charge have also been proven beyond a reasonable doubt. However, if you have a reasonable doubt on the issue of whether the Department of Highway Safety and Motor Vehicles misinformed** (defendant) **or otherwise prevented [him] [her] from complying with the registration requirements, you should find [him] [her] not guilty.**

*Definitions.  See instruction 11.15(l) for the applicable definitions.*

No lesser included offenses have been identified for this offense.

## Comment

This instruction was adopted in 2008 [983 So. 2d 531] and amended in 2012 [85 So. 3d 1090], ~~and~~ 2014 [148 So. 3d 1204], and 2016.

## 11.15(g) FAILURE BY A SEXUAL PREDATOR TO COMPLY WITH REGISTRATION REQUIREMENTS
### (Failure to Report Change of Name or Address within the State or Jurisdiction)
§ 775.21(6)(g), Fla. Stat.

**To prove the crime of Failure by a Sexual Predator to Comply with Registration Requirements, the State must prove the following three elements beyond a reasonable doubt:**

*Give 1a or 1b as applicable.*
    **1.** (Defendant)

        **a.**   **is a sexual predator.**

        **b.**   **has agreed or stipulated that [he] [she] has been convicted as a sexual predator; therefore, you should consider the sexual predator status element as proven by agreement of the parties.**

*If the defendant offers to stipulate, the court must accept the offer after conducting an on-the-record colloquy with the defendant. See Brown v. State, 719 So. 2d 882 (Fla. 1998); Johnson v. State, 842 So. 2d 228 (Fla. 1st DCA 2003). If there is a stipulation, the court should not give the definition of "sexual predator" or "convicted."*

    **2.** (Defendant) [**established**] [**maintained**] a [**permanent**] [**temporary**] [**transient**] **residence in** (name of county) **County, Florida.**

*Give 3a, 3b, or 3c as applicable.*

**3.** (Defendant)

    **a.** **knowingly failed to report in person to a driver's license office [when [his] [her] driver's license or identification card was subject to renewal] [within 48 hours after any change in [his] [her] permanent, temporary, or transient residence] [within 48 hours after any change in [his] [her] name by reason of [marriage] [**(specify other legal process)**]].**

    **b.** **knowingly failed to report in person to an office of the sheriff of** (name of county) **County within 48 hours of vacating [his] [her] permanent, temporary, or transient residence and failing to establish or maintain another permanent, temporary, or transient residence.**

    **c.** **knowingly failed to report in person to an office of the sheriff of** (name of county) **County that [he] [she] did not vacate [his] [her] permanent, temporary, or transient residence within 48 hours after** (defendant) **reported to that agency [his] [her] intent to vacate [his] [her] permanent, temporary, or transient residence.**

    **d.** **reported to**

        *Give i or ii as applicable.*
        **i.** **an office of the sheriff of** (name of county)

        **ii.** **a driver's license office of the Department of Highway Safety and Motor Vehicles**

        **and**

        *Give iii or iv as applicable.*
        **iii.** **knowingly failed to provide that office with** (name the single unprovided registration item charged, as worded in the statute)**.**

        **iv.** **knowingly failed to provide that office with any one or more of the following items**: (name the unprovided registration items charged, as worded in the statute)**.**

*Give if the defendant meets his or her burden of production. See Barnes v. State, 108 So. 3d 700 (Fla. 1st DCA 2013).*
**It is a defense to the crime of Failure by a Sexual Offender to Comply with Registration Requirements that** (defendant) **attempted to comply with the requirements but was misinformed or otherwise prevented from complying by the [office of the sheriff] [Department of Highway Safety and Motor Vehicles].**

*There is no statute for the defense of being misinformed or otherwise prevented from registering, and the case law is silent as to (1) which party bears the burden of persuasion of the affirmative defense and (2) the standard for the burden of persuasion. Under the common law, defendants had both the burden of production and the burden of persuasion on an affirmative defense by a preponderance of the evidence.*
*The Florida Supreme Court has often decided, however, that once a defendant meets the burden of production on an affirmative defense, the burden of persuasion is on the State to disprove the affirmative defense beyond a reasonable doubt (e.g., self-defense and consent to enter in a burglary prosecution). In the absence of case law, trial judges must resolve the issue via a special instruction. See the opinion in Dixon v. United States, 548 U.S. 1 (2006), for further guidance.*

*If burden of persuasion is on the defendant:*
**If you find that** (defendant) **proved** (insert appropriate burden of persuasion) **that the [office of the sheriff][Department of Highway Safety and Motor Vehicles] misinformed [him] [her] or otherwise prevented [him] [her] from complying with the registration requirements, you should find [him] [her] not guilty. If the defendant did not prove** (insert appropriate burden of persuasion) **that the [office of the sheriff][Department of Highway Safety and Motor Vehicles] misinformed [him] [her] or otherwise prevented [him] [her] from complying, you should find [him] [her] guilty if all the elements of the charge have been proven beyond a reasonable doubt.**

*Or, if the burden of disproving the affirmative defense is on the State under the beyond a reasonable standard:*
**If you find that the State proved beyond a reasonable doubt that the [office of the sheriff] [Department of Highway Safety and Motor Vehicles] did not misinform** (defendant) **or otherwise prevent [him] [her] from complying with the registration requirements**, **you should find [him] [her] guilty, if all of the elements of the charge have also been proven beyond a reasonable doubt. However, if you have a reasonable doubt on the issue of whether the [office of**

**the sheriff] [Department of Highway Safety and Motor Vehicles] misinformed** (defendant) **or otherwise prevented [him] [her] from complying with the registration requirements, you should find [him] [her] not guilty.**

*Definitions.  See instruction 11.15(l) for the applicable definitions.*

## Lesser Included Offenses

No lesser included offenses have been identified for this offense.

## Comment<u>s</u>

<u>§ 775.21(6)(g)1., Fla. Stat., requires sexual predators to report certain changes to the sheriff's office within 48 hours of the change, even if unable to secure or update a driver license or identification card. In those instances, a special instruction will be needed.</u>

This instruction was adopted in 2008 [983 So.2d 531] and amended in 2012 [85 So. 3d 1090], ~~and~~ 2014 <u>[148 So. 3d 1204], and 2016</u>.

## 11.15(h) FAILURE BY A SEXUAL PREDATOR TO COMPLY WITH REGISTRATION REQUIREMENTS
### (Failure to Respond To Address Verification Correspondence)
§ 775.21(10)(a), Fla. Stat.

**To prove the crime of Failure by a Sexual Predator to Comply with Registration Requirements, the State must prove the following three elements beyond a reasonable doubt:**

*Give 1a or 1b as applicable.*
    **1.** (Defendant)

        **a.**    **is a sexual predator.**

        **b.**    **has agreed or stipulated that [he] [she] has been convicted as a sexual predator; therefore, you should consider the sexual predator status element as proven by agreement of the parties.**

*If the defendant offers to stipulate, the court must accept the offer after conducting an on-the-record colloquy with the defendant. See Brown v. State, 719 So. 2d 882 (Fla. 1998); Johnson v. State, 842 So. 2d 228 (Fla. 1st DCA 2003). If there is a stipulation, the court should not give the definition of "sexual predator" or "convicted."*

**2.** (Defendant) **established or maintained a permanent, temporary, or transient residence in** (name of county) **County, Florida.**

*Give 3a or 3b as applicable.*

**3. a.** (Defendant) **knowingly failed to respond to address verification correspondence from the Florida Department of Law Enforcement within three weeks from the date of the correspondence.**

    **b.** (Defendant) **knowingly provided false registration information by act or omission.**

*Give if the defendant meets his or her burden of production. See Barnes v. State, 108 So. 3d 700 (Fla. 1st DCA 2013).*
**It is a defense to the crime of Failure by a Sexual Predator to Comply with Registration Requirements that** (defendant) **attempted to comply with the requirements but was misinformed or otherwise prevented from complying by the Florida Department of Law Enforcement.**

*There is no statute for the defense of being misinformed or otherwise prevented from registering, and the case law is silent as to (1) which party bears the burden of persuasion of the affirmative defense and (2) the standard for the burden of persuasion. Under the common law, defendants had both the burden of production and the burden of persuasion on an affirmative defense by a preponderance of the evidence.*
*The Florida Supreme Court has often decided, however, that once a defendant meets the burden of production on an affirmative defense, the burden of persuasion is on the State to disprove the affirmative defense beyond a reasonable doubt (e.g., self-defense and consent to enter in a burglary prosecution). In the absence of case law, trial judges must resolve the issue via a special instruction. See the opinion in Dixon v. United States, 548 U.S. 1 (2006), for further guidance.*

*If burden of persuasion is on the defendant:*

**If you find that** (defendant) **proved** (insert appropriate burden of persuasion) **that the Florida Department of Law Enforcement misinformed [him] [her] or otherwise prevented [him] [her] from complying with the registration requirements, you should find [him] [her] not guilty. If the defendant did not prove** (insert appropriate burden of persuasion) **that the Florida Department of Law Enforcement misinformed [him] [her] or otherwise prevented [him] [her] from complying, you should find [him] [her] guilty if all the elements of the charge have been proven beyond a reasonable doubt.**

*Or, if the burden of disproving the affirmative defense is on the State under the beyond a reasonable standard:*
**If you find that the State proved beyond a reasonable doubt that the Florida Department of Law Enforcement did not misinform** (defendant) **or did not otherwise prevent [him] [her] from complying with the registration requirements,** ~~as worded in the statute)],~~ **you should find [him] [her] guilty, if all of the elements of the charge have also been proven beyond a reasonable doubt. However, if you have a reasonable doubt on the issue of whether the Florida Department of Law Enforcement misinformed** (defendant) **or otherwise prevented [him] [her] from complying, you should find [him] [her] not guilty.**

*Definitions.  See instruction 11.15(l) for the applicable definitions.*

## Lesser Included Offenses

No lesser included offenses have been identified for this offense.

## Comment<u>s</u>

<u>There are other penalties in § 775.21(10)(a), Fla. Stat., that may require a special instruction.</u>

This instruction was adopted in 2008 [983 So.2d 531] and amended in 2012 [85 So. 3d_1090], ~~and~~ 2014 [148 So. 3d 1204], and 2016.

**11.15(i) FAILURE BY A SEXUAL PREDATOR TO COMPLY
WITH REGISTRATION REQUIREMENTS**
**(Failure to Report Intent to Move to Another State, ~~or~~
Jurisdiction, or Country)**
§ 775.21(6)(i), Fla. Stat.

**To prove the crime of Failure by a Sexual Predator to Comply with Registration Requirements, the State must prove the following three elements beyond a reasonable doubt:**

*Give 1a or 1b as applicable.*
   1.  (Defendant)

   a.  **is a sexual predator.**

   b.  **has agreed or stipulated that he has been convicted as a sexual predator; therefore, you should consider the sexual predator status element as proven by agreement of the parties.**

*If the defendant offers to stipulate, the court must accept the offer after conducting an on-the-record colloquy with the defendant. See Brown v. State, 719 So. 2d 882 (Fla. 1998); Johnson v. State, 842 So. 2d 228 (Fla. 1st DCA 2003). If there is a stipulation, the court should not also give the definition of "sexual predator" or "convicted."*

   2.  (Defendant) **established or maintained a permanent, temporary, or transient residence in** (name of county) **County, Florida.**

*Give 3a or 3b as applicable.*
   3.  (Defendant)

   a.  **intended to leave this State to establish a permanent, temporary, or transient residence in another state, ~~or~~ jurisdiction, or country on** (date)**;**

   **and**

   **1. knowingly failed to report in person to an office of the sheriff in the county of [his] [her] current residence**

- 53 -

**within 48 hours before the date on which [he] [she] intended to leave this state to establish residence in another state or jurisdiction <u>within the United States.</u>**

> **<u>or</u>**

> **<u>2. knowingly failed to report in person to an office of the sheriff in the county of [his] [her] current residence within 21 days before [his] [her] planned departure date if the intended residence of 5 days or more was outside of the United States.</u>**

**b.** (Defendant)
**reported to an office of the sheriff of the county of [his] [her] current residence [his] [her] intention to establish residence in another state,** ~~or~~ **jurisdiction<u>, or country</u>;**

> **and**

> **knowingly failed to provide [[his] [her]** (name the single unprovided registration item charged, as worded in the statute)**] [any one or more of the following items: [his] [her]** (name the unprovided registration items charged, as worded in the statute)**.]**

*Read only if the defendant is charged with failing to provide a physical residential address.*
**The defendant shall provide a physical residential address. A post office box shall not be provided in lieu of a physical residential address.**

*Give if the defendant meets his or her burden of production. See Barnes v. State, 108 So. 3d 700 (Fla. 1st DCA 2013).*
**It is a defense to the crime of Failure by a Sexual Predator to Comply with Registration Requirements that** (defendant) **attempted to comply with the requirements but was misinformed or otherwise prevented from complying by the office of the sheriff.**

*There is no statute for the defense of being misinformed or otherwise prevented from registering, and the case law is silent as to (1) which party bears the burden of persuasion of the affirmative defense and (2) the standard for the*

*burden of persuasion. Under the common law, defendants had both the burden of production and the burden of persuasion on an affirmative defense by a preponderance of the evidence.*

*The Florida Supreme Court has often decided, however, that once a defendant meets the burden of production on an affirmative defense, the burden of persuasion is on the State to disprove the affirmative defense beyond a reasonable doubt (e.g., self-defense and consent to enter in a burglary prosecution). In the absence of case law, trial judges must resolve the issue via a special instruction. See the opinion in Dixon v. United States, 548 U.S. 1 (2006), for further guidance.*

*If burden of persuasion is on the defendant:*
**If you find that** (defendant) **proved** (insert appropriate burden of persuasion) **that the office of the sheriff misinformed [him] [her] or otherwise prevented [him] [her] from complying with the registration requirements, you should find [him] [her] not guilty. If the defendant did not prove** (insert appropriate burden of persuasion) **that the office of the sheriff misinformed [him] [her] or otherwise prevented [him] [her] from complying, you should find [him] [her] guilty if all the elements of the charge have been proven beyond a reasonable doubt.**

*Or, if the burden of disproving the affirmative defense is on the State under the beyond a reasonable standard:*
**If you find that the State proved beyond a reasonable doubt that the office of the sheriff did not misinform** (defendant) **or did not otherwise prevent [him] [her] from complying with the registration requirements**, **you should find [him] [her] guilty, if all of the elements of the charge have also been proven beyond a reasonable doubt. However, if you have a reasonable doubt on the issue of whether the office of the sheriff misinformed** (defendant) **or otherwise prevented [him] [her] from complying with the registration requirements, you should find [him] [her] not guilty.**

*Definitions. See instruction 11.15(l) for the applicable definitions.*

### Lesser Included Offenses

No lesser included offenses have been identified for this offense.

**Comment**

This instruction was adopted in 2008 [983 So. 2d 531] and amended in 2012 [85 So. 3d 1090], 2013 [113 So. 3d 754], ~~and~~ 2014 [148 So. 3d 1204], and 2016.


## 11.15(*l*) SEXUAL PREDATOR DEFINITIONS
§ 775.21(2) and (4), Fla. Stat.

*Definitions.*
**"Sexual predator" means a person who:**

> **has been designated a sexual predator, in a written order of a Florida court, on or after October 1, 1993; and**

> **has not received a pardon for the offense(s) necessary for the designation as a sexual predator; and**

> **the written order designating the defendant a sexual predator has not been set aside in any judicial proceeding.**

**"Institution of higher education" means a career center, community college, college, state university, or independent postsecondary institution.**

**"Change in enrollment or employment status" means the commencement or termination of enrollment or employment or a change in location of enrollment or employment.**

**"Convicted" means there has been a determination of guilt as a result of a trial or the entry of a plea of guilty or nolo contendere, regardless of whether adjudication is withheld.** (*Note to Judge: For military, federal and out of state convictions, see § 775.21(2)(e), Fla. Stat.*)

**"Physical residential address" does not include a post office box, but may be a location that has no specific street address.**

**"Permanent residence" means a place where the person abides, lodges, or resides for 5 or more consecutive days.**

"Temporary residence" means a place where the person abides, lodges, or resides including, but not limited to, vacation, business, or personal travel destinations in or out of this state, for a period of 5 or more days in the aggregate during any calendar year and which is not the person's permanent address or, for a person whose permanent residence is not in this state, a place where the person is employed, practices a vocation, or is enrolled as a student for any period of time in this state.

"Transient residence" means a place or county where a person lives, remains, or is located for a period of 5 or more days in the aggregate during a calendar year and which is not the person's permanent or temporary address. The term includes, but is not limited to, a place where the person sleeps or seeks shelter and a location that has no specific street address.

**"Internet identifier" means all electronic mail, chat, instant messenger, social networking, application software, or similar names used for Internet communication, but does not include a date of birth, social security number, or personal identification number (PIN).**

**"Vehicles owned" means any motor vehicle which is registered, coregistered, leased, titled, or rented by a sexual predator or sexual offender; a rented vehicle that a sexual predator or sexual offender is authorized to drive; or a vehicle for which a sexual predator or sexual offender is insured as a driver. The term also includes any motor vehicle which is registered, coregistered, leased, titled, or rented by a person or persons residing at a sexual predator's or sexual offender's permanent residence for 5 or more consecutive days.**

**"Motor vehicle" means an automobile, motorcycle, truck, trailer, semitrailer, truck tractor and semitrailer combination, or any other vehicle operated on the roads of this state, used to transport persons or property, and propelled by power other than muscular power [but the term does not include traction engines, road rollers, special mobile equipment, vehicles that run only upon a track, bicycles, swamp buggies, or mopeds].**

**["Motor vehicle" includes a recreational vehicle-type unit primarily designed as temporary living quarters for recreational, camping, or travel use, which either has its own motive power or is mounted on or drawn by another vehicle.]**

**Comment**

This instruction was adopted in 2008 [983 So. 2d 531] and ~~revised~~amended in 2012 [85 So. 3d 1090], ~~and~~ 2013 [113 So. 3d 754], and 2016.

**11.15(m) FAILURE BY A SEXUAL PREDATOR TO COMPLY
WITH REGISTRATION REQUIREMENTS
(Failure to Report Every 30 Days for Transient Residents)**
§§ 775.21(6)(g)2.b. and 775.21(6)(g)4., Fla. Stat.

*Give this if the charge is failure to report every 30 days after registering with information regarding a transient residence.*

**To prove the crime of Failure by a Sexual Predator to Comply with Registration Requirements, the State must prove the following three elements beyond a reasonable doubt:**

*Give 1a or 1b as applicable.*
  **1.** (Defendant)

> **a. is a sexual predator.**

> **b. has agreed or stipulated that [he] [she] has been convicted as a sexual predator; therefore, you should consider the sexual predator status element as proven by agreement of the parties.**

*If the defendant offers to stipulate, the court must accept the offer after conducting an on-the-record colloquy with the defendant. See Brown v. State, 719 So. 2d 882 (Fla. 1998); Johnson v. State, 842 So. 2d 228 (Fla. 1st DCA 2003). If there is a stipulation, the court should not also give the definition of "sexual predator" or "convicted."*

> **2.** (Defendant) **established a transient residence in** (name of county) **County, Florida.**

> **3.** (Defendant) **knowingly failed to report the address and location where [he] [she] maintained a transient residence, in person, to the office of the sheriff in the county in which [he] [she]**

**maintained a transient residence, every 30 days after [he] [she] initially reported to the sheriff that [he] [she] had established a transient residence.**

*Read only if the defendant is charged with failing to provide a physical residential address.*
**The defendant shall provide a physical residential address. A post office box shall not be provided in lieu of a physical residential address.**

*Give if the defendant meets his or her burden of production. See Barnes v. State, 108 So. 3d 700 (Fla. 1st DCA 2013).*
**It is a defense to the crime of Failure to Comply with Registration Requirements as a Sexual Predator that** (defendant) **attempted to comply with the requirements but was misinformed or otherwise prevented from complying by the office of the sheriff.**

*There is no statute for the defense of being misinformed or otherwise prevented from registering, and the case law is silent as to (1) which party bears the burden of persuasion of the affirmative defense and (2) the standard for the burden of persuasion. Under the common law, defendants had both the burden of production and the burden of persuasion on an affirmative defense by a preponderance of the evidence.*
*The Florida Supreme Court has often decided, however, that once a defendant meets the burden of production on an affirmative defense, the burden of persuasion is on the State to disprove the affirmative defense beyond a reasonable doubt (e.g., self-defense and consent to enter in a burglary prosecution). In the absence of case law, trial judges must resolve the issue via a special instruction. See the opinion in Dixon v. United States, 548 U.S. 1 (2006), for further guidance.*

*If burden of persuasion is on the defendant:*
**If you find that** (defendant) **proved** (insert appropriate burden of persuasion) **that the office of the sheriff misinformed [him] [her] or otherwise prevented [him] [her] from complying with the registration requirements, you should find [him] [her] not guilty. If the defendant did not prove** (insert appropriate burden of persuasion) **that the office of the sheriff misinformed [him] [her] or otherwise prevented [him] [her] from complying, you should find [him] [her] guilty if all the elements of the charge have been proven beyond a reasonable doubt.**

*Or, if the burden of disproving the affirmative defense is on the State under the beyond a reasonable standard:*

**If you find that the State proved beyond a reasonable doubt that the office of the sheriff did not misinform** (defendant) **or did not otherwise prevent [him] [her] from complying with the registration requirements, you should find [him] [her] guilty, if all of the elements of the charge have also been proven beyond a reasonable doubt. However, if you have a reasonable doubt on the issue of whether the office of the sheriff misinformed** (defendant) **or otherwise prevented [him] [her] from complying with the registration requirements, you should find [him] [her] not guilty.**

*Definitions.  See instruction 11.15(l) for the applicable definitions.*

## Lesser Included Offenses

No lesser included offenses have been identified for this offense.

## Comment

This instruction was adopted in 2016.