PER CURIAM.
The Supreme Court Committee on Standard Jury Instructions in Criminal Cases (Committee) has submitted proposed changes to the standard jury instructions and asks that the Court authorize the amended standard instructions. We have jurisdiction. See art. V, § 2(a), Fla. Const.
In In re Standard Jury Instructions in Criminal Cases — Report 2011-04., 85 So.3d 1090 (Fla.2012), the Court authorized for publication and use amendments to the criminal jury instructions pertaining to the offenses of failure to register by sexual offenders (instructions 11.14 and 11.14(a)-(h)) and to the criminal jury instructions pertaining to the offenses of failure to register by sexual predators (instructions 11.15(a)-(J)). At that time, the Court rejected the Committee’s proposal to remove language from instructions 11.14, 11.14(g), 11.15(b), 11.15(i), and 11.15(k) pertaining to providing a physical residential address. The Court also rejected the Committee’s proposal to remove language from instructions 11.14(h) and 11.15(Z) defining “physical residential address.”
At the Court’s direction, the Committee has submitted new proposals, and now requests that the Court amend instructions 11.14, 11.14(g), 11.14(h), 11.15(b), 11.15(i), 11.15(k), and 11.15(0- The amendments, with respect to the portion of the instructions pertaining to an alleged failure to provide a “physical residential address,” clarify that a post office box shall not be provided in lieu of a physical address. In the definitional instructions, the amendments clarify that a “physical residential address” may be a location that has no specific street address. These amendments are consistent with the relevant portions of section 943.0435, Florida Statutes (2012) (Sexual offenders required to register with the department; penalty), and section 775.21, Florida Statutes (2012) (The Florida Sexual Predators Act).
The revised instructions, as set forth in the appendix to this opinion, are authorized for publication and use.[1] New lan *755 guage is indicated by underlining. In authorizing the publication and use of these instructions, we express no opinion on the correctness of the instructions and remind all interested parties that this authorization forecloses neither requesting an additional or alternative instruction nor contesting the legal correctness of the instructions. We further caution all interested parties that any notes and comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. The instructions shall be effective when this opinion becomes final.
It is so ordered.
POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.
APPENDIX
11.14 FAILURE TO REGISTER AS A SEXUAL OFFENDER
(Initially Register)
§ 94S.0435(2)(a)-(b), Fla. Stat.
To prove the crime of Failure to Register as a Sexual Offender, the State must prove the following three elements beyond a reasonable doubt:

Give la or lb as applicable.

1. (Defendant)
a. is a sexual offender.
b. has agreed or stipulated that [he][she] has been convicted as a sexual offender; therefore, you should consider the sexual offender status an element as proven by agreement of the parties.

If the defendant offers to stipulate, the court must accept the offer after conducting an on-the-record colloquy with the defendant. See Brown v. State, 719 So.2d 882 (Fla. 1998); Johnson v. State, 8)2 So.2d 228 (Fla. 1st DCA 2003). If there is a stipulation, the court should not give the definition of “sexual offender” or “convicted.”

2. (Defendant) [established] [maintained] a permanent, temporary, or transient residence in (name of county) County, Florida.

Give 3a, 3b, 3c, or 3d as applicable.

3. (Defendant)
a. knowingly failed to register in person at an office of the sheriff of (name of county) County within 48 hours after establishing permanent, temporary, or transient residence within this state.
b. knowingly failed to report in person at an office of the sheriff of (name of county) County within 48 hours after being released from the [custody, control, or supervision of the Florida Department of Corrections] [custody of a private correctional facility].
c. knowingly failed to register in person at an office of the sheriff of (name of county) County within 48 hours after having been convicted by a court in that county of an offense requiring registration.
d. knowingly failed to provide an office of the sheriff of (name of county) County with [his][her] [ (name the single unprovided reg *756 istration item charged, as worded in the statute) ] [any one or more of the following items: [his] [her] (name the unprovided registration items charged, as worded in the statute).]

Read only if the defendant is charged with failing to provide a physical residential address.

The defendant shall provide a physical residential address. A post office box shall not be provided in lieu of a physi-
cal residential address.

Definitions. See instruction ll.llp(h) for the applicable definitions.

Lesser Included Offenses
No lesser included offenses have been identified for this offense.
Comment
This instruction was adopted in 2008 [983 So.2d 531] and revised in 2012 and 2013.
11.14(g) FAILURE TO REGISTER AS A SEXUAL OFFENDER
(Failure to Report Twice a Year/Failure to Report Quarterly)
§ 943.0435(14)(a) or (b), Fla. Stat.

Give this statement if the charge is failure to report twice a year during the sexual offender’s birthday month and six months later pursuant to § 9J¡.S.0i35(W(a), or, for certain specified violators, failure to report during the sexual offender’s birthday month and every third month thereafter pursuant to § 943M35(U)(b).

To prove the crime of Failure to Report [Twice a Year][Quarterly] as a Sexual Offender, the State must prove the following three elements beyond a reasonable doubt:

Give la or lb as applicable.

1. (Defendant)
a. is a sexual offender.
b. has agreed or stipulated that [he] [she] has been convicted as a sexual offender; therefore, you should consider the sexual offender status element as proven by agreement of the parties.

If the defendant offers to stipulate, the court must accept the offer after conducting an on-the-record colloquy with the defendant. See Brown v. State, 719 So.2d 882 (Fla.1998); Johnson v. State, 812 So.2d 228 (Fla. 1st DCA 2003). If there is a stipulation, the court should not give the definition of “sexual offender” or “convicted.”

2. (Defendant) [established] [maintained] a permanent, temporary, or transient residence in (name of county) County, Florida.

Give 3a, 3b, 3c, 3d, or 3e as applicable.

3. (Defendant)
a. knowingly failed to reregister by reporting in person during [his][her] birthday month in (year) to an office of the sheriff in the county in which [he][she] resides or is otherwise located.
b. knowingly failed to reregister by reporting in person during the sixth month following [his][her] (year) birthday month to an office of the sheriff in the county in which [he][she] resides or is otherwise located.
c. knowingly failed to reregister by reporting in person during every third month following [his] [her] (year) birthday month to an office of the sheriff in the county in which [he][she] resides or is otherwise located.
d. knowingly failed to respond to the address verification corre-
*757 spondence from the Florida Department of Law Enforcement within three weeks from the date of the correspondence, e. reported to an office of the sheriff of (name of county) to reregis-ter, and

Give i or ii as applicable.

i. knowingly failed to provide that office with (name the single unprovided registration item charged, as worded in the statute).
ii. knowingly failed to provide that office with any one or more of the following items: (name the unprovided registration items charged, as worded in the statute).

Read only if the defendant is charged with failing to provide a physical residential address.

The defendant shall provide a physical residential address. A post office box shall not be provided in lieu of a
physical residential address.

Definitions. See instruction 11.14(h) for the applicable definitions.

Lesser Included Offenses
No lesser included offenses have been identified for this offense.
Comment
This instruction was adopted in 2008 [983 So.2d 531] and revised in 2012 and 2013.
11.14(h) SEXUAL OFFENDER DEFINITIONS
§ 943.0435(1), Fla. Stat. Definitions.
“Sexual offender” means a person who (Insert the appropriate criteria specified by § 943.0435(1)).
“Convicted” means there has been a determination of guilt as a result of a trial or the entry of a plea of guilty or nolo contendere, regardless of whether adjudication is withheld. (Note to Judge: For juvenile, military, federal and out of state convictions see § 94.3.0435(1) Fla. Stat.)
“Institution of higher education” means a career center, community college, college, state university, or independent postsecondary institution.
“Change in enrollment or employment status” means the commencement or termination of enrollment or employment or a change in location of enrollment or employment.
“Physical residential address” does not include a post office box, but may be a location that has no specific street address.
“Permanent residence” means a place where the person abides, lodges, or resides for 5 or more consecutive days.
“Temporary residence” means a place where the person abides, lodges, or resides, including, but not limited to, vacation, business, or personal travel destinations in or out of this state, for a period of 5 or more days in the aggregate during any calendar year and which is not the person’s permanent address or, for a person whose permanent residence is not in this state, a place where the person is employed, practices a vocation, or is enrolled as a student for any period of time in this state.
“Transient residence” means a place or county where a person lives, remains, or is located for a period of 5 or more days in the aggregate during a calendar year and which is not the person’s permanent or temporary address. The term includes, but is not limited to, a place where the person sleeps or seeks shelter and a location that has no specific street address.
*758 “Electronic mail address” means a destination, commonly expressed as a string of characters, to which electronic mail may be sent or delivered.
“Instant message name” means an identifier that allows a person to communicate in real time with another person using the Internet.
Comment
This instruction was adopted in 2008 [983 So.2d 531] and revised in 2012 and 2013.
11.15(b) FAILURE TO REGISTER AS A SEXUAL PREDATOR
(Failure to Comply with Registration Requirements)
§ 775.21(6)(a)l, Fla. Stat.
To prove the crime of Failure to Register as a Sexual Predator, the State must prove the following three elements beyond a reasonable doubt:

Give la or lb as applicable.

1. (Defendant)
a. is a sexual predator.
b. has agreed or stipulated that [he][she] has been convicted as a sexual predator; therefore, you should consider the sexual predator status element as proven by agreement of the parties.
If the defendant offers to stipulate, the court must accept the offer after conducting an on-the-record colloquy with the defendant. See Brown v. State, 719 So.2d 882 (Fla.1998); Johnson v. State, 812 So.2d 228 (Fla. 1st DCA 2003). If there is a stipulation, the court should not give the definition of “sexual predator ” or “convicted.”
2. (Defendant) established or maintained a permanent, temporary, or transient residence in (name of county) County, Florida.
3. (Defendant) knowingly failed to provide an office of the sheriff of (name of county) County with [his][her] [(name the single unprovided registration item charged, as worded in the statute) ] [any one or more of the following items: [his][her] (name the unprovided registration items charged, as worded in the statute) ].

Read only if the defendant is charged with failing to provide a physical residential address.

The defendant shall provide a physical residential address. A post office box shall not be provided in lieu of a physi-
cal residential address.

Definitions. See instruction 11.15(1) for the applicable definitions.

Lesser Included Offenses
No lesser included offenses have been identified for this offense.
Comment
This instruction was adopted in 2008 [983 So.2d 531] and revised in 2012 and 2013.
11.15Ü) FAILURE TO REGISTER AS A SEXUAL PREDATOR
(Failure to Report Intent to Move to
Another State or Jurisdiction)
§ 775.21(6)0), Fla. Stat.
To prove the crime of Failure to Register as a Sexual Predator, the State must prove the following three elements beyond a reasonable doubt:

Give la or lb as applicable.

1. (Defendant)
a. is a sexual predator.
b. has agreed or stipulated that he has been convicted as a sexual predator; therefore, you should consider the sexual predator *759 status element as proven by agreement of the parties.

If the defendant offers to stipulate, the court must accept the offer after conducting an on-the-record colloquy with the defendant. See Brown v. State, 719 So.2d 882 (Fla.1998); Johnson v. State, 8⅛2 So.2d 228 (Fla. 1st DCA 2003). If there is a stipulation, the court should not also give the definition of “sexual predator” or “convicted.”

2. (Defendant) established or maintained a permanent, temporary, or transient residence in (name of county) County, Florida.

Give 3a or 3b as applicable.

3. (Defendant)
a. intended to leave this State to establish a permanent, temporary, or transient residence in another state or jurisdiction on (date); and
knowingly failed to report in person to an office of the sheriff in the county of [his][her] current residence within 48 hours before the date on which [he][she] intended to leave this state to establish residence in another state or jurisdiction.
b. (Defendant)
reported to an office of the sheriff of the county of [his][her] current residence [his][her] intention to establish residence in another state or jurisdiction; and
knowingly failed to provide [[his][her] (name the single unprovided registration item charged, as worded in the statute) ] [any one or more of the following items: [his][her] (name the unprovided registration items charged, as worded in the statute).]

Read only if the defendant is charged with failing to provide a physical residential address.

The defendant shall provide a physical residential address. A post office box shall not be provided in lieu of a physical residential address.

Definitions. See instruction 11.15(1) for the applicable definitions.

Lesser Included Offenses
No lesser included offenses have been identified for this offense.
Comment
This instruction was adopted in 2008 [983 So.2d 531] and revised in 2012 and 2013.
11.15(k) FAILURE TO REGISTER AS A SEX PREDATOR
(Failure to Register Quarterly)
. § 775.21(8)(a), Fla. Stat.
To prove the crime of Failure to Register as a Sexual Predator, the State must prove the following three elements beyond a reasonable doubt:

Give la or lb as applicable.

1. (Defendant)
a. is a sexual predator.
b. has agreed or stipulated that [he][she] has been convicted as a sexual predator; therefore, you should consider the sexual predator status element as proven by agreement of the parties.

If the defendant offers to stipulate, the court must accept the offer after conducting an on-the-record colloquy with the defendant. See Brown v. State, 719 So.2d 882 (Fla.1998); Johnson v. State, 8^2 So.2d 228 (Fla. 1st DCA 2003). If there is a stipulation, the court should not also give the definition of “sexual predator” or “convicted.”

*760 2. (Defendant) [established] [maintained] a permanent, temporary, or transient residence in (name of county) County, Florida.

Give 3a, 3b, or 3c as applicable.

3. (Defendant)
a. knowingly failed to reregister by reporting in person during [his][her] birthday month in (year) to an office of the sheriff in the county in which [he][she] resides or is otherwise located.
b. knowingly failed to reregister by reporting in person during every third month following [his][her] (year) birthday month to an office of the sheriff in the county in which [he] [she] resides or is otherwise located.
c. knowingly failed to provide an office of the sheriff of (name of county) County with a change to [his][her] [ (name the single unprovided registration item charged, as worded in the statute) ] [any one or more of the following items: [his][her] (name the unprovided registration items charged, as worded in the statute) ].

Read only if the defendant is charged with failing to provide a physical residential address.

The defendant shall provide a physical residential address. A post office box shall not be provided in lieu of a physical residential address.

Definitions. See instruction 11.15(1) for the applicable definitions.

Lesser Included Offenses
No lesser included offenses have been identified for this offense.
Comment
This instruction was adopted in 2008 [983 So.2d 531] and revised in 2012 and 2013.
11.15(Z) SEXUAL PREDATOR DEFINITIONS
§ 775.21(2) and (4), Fla. Stat. Definitions.
“Sexual predator” means a person who:
has been designated a sexual predator, in a written order of a Florida court, on or after October 1,1993; and has not received a pardon for the offense(s) necessary for the designation as a sexual predator; and
the written order designating the defendant a sexual predator has not been set aside in any judicial proceeding.
“Institution of higher education” means a career center, community college, college, state university, or independent postsecondary institution.
“Change in enrollment or employment status” means the commencement or termination of enrollment or employment or a change in location of enrollment or employment.
“Convicted” means there has been a determination of guilt as a result of a trial or the entry of a plea of guilty or nolo contendere, regardless of whether adjudication is withheld. (Note to Judge: For militai’y, federal and out of state convictions, see § 775.21(2)(e), Fla. Stat.)
“Physical residential address” does not include a post office box, but may be a location that has no specific street address.
*761 “Permanent residence” means a place where the person abides, lodges, or resides for 5 or more consecutive days.
“Temporary residence” means a place where the person abides, lodges, or resides including, but not limited to, vacation, business, or personal travel destinations in or out of this state, for a period of 5 or more days in the aggregate during any calendar year and which is not the person’s permanent address or, for a person whose permanent residence is not in this state, a place where the person is employed, practices a vocation, or is enrolled as a student for any period of time in this state.
“Transient residence” means a place or county where a person lives, remains, or is located for a period of 5 or more days in the aggregate during a calendar year and which is not the person’s permanent or temporary address. The term includes, but is not limited to, a place where the person sleeps or seeks shelter and a location that has no specific street address.
Comment
This instruction was adopted in 2008 [983 So.2d 531] and revised in 2012 and 2013.

. The amendments as reflected in the appendix are to the Criminal Jury Instructions as they appear on the Court’s website at www. floridasupremecourt.org/jury_instructions/ instructions.shtml. We recognize that there may be minor discrepancies between the in *755 structions as they appear on the website and the published versions of the instructions. Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.