# Supreme Court of Florida

_____

No. SC18-1717

_____

**IN RE: STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES—
REPORT 2018-11.**

December 20, 2018

PER CURIAM.

The Supreme Court Committee on Standard Jury Instructions in Criminal

Cases (Committee) has submitted proposed changes to the standard jury

instructions and asks that the Court authorize the amended standard instructions for

publication and use.  We have jurisdiction.  *See* art. V, § 2(a), Fla. Const.

The Committee proposes amendments to five existing standard criminal jury

instructions: 3.13 (Submitting Case to Jury); 8.22 (Written Threat to [Kill] [Do

Bodily Injury]); 11.14(h) (Sexual Offender Definitions); 11.15(*l*) (Sexual Predator

Definitions); and 21.11 (Harassing a [Witness] [Victim] [Informant]).  The

proposals were published by the Committee in *The Florida Bar News*; one

comment was received from the Florida Public Defender Association (FPDA)

concerning the proposed amendments to instruction 8.22.  The proposals were not published by the Court after having been filed by the Committee.

Having considered the Committee's report, the FPDA comment, and the Committee's response thereto, we authorize the standard jury instructions as proposed by the Committee for publication and use.  We discuss the more significant amendments below.

First, with regard to instruction 3.13, the sentence "If a juror goes to the restroom, the deliberations should stop until the juror returns" is added.  Next, to bring the criminal instructions into harmony with the Standard Civil Jury Instructions, the phrase "signed by a foreperson" is removed from the paragraph pertaining to written communication between jurors and the trial judge.  *See, e.g.*, Fla. Std. Jury Instr. (Civ.) 700.

Next, instruction 8.22 is amended to add "conduct a mass shooting" and "conduct an act of terrorism" to the title of the instruction and name of the crime in response to amendments made by the Legislature to section 836.10, Florida Statutes (2018).  *See* Ch. 2018-3, § 17, at 26, Laws of Fla.  Additionally, italicized notes are added that explain there are two ways to violate section 836.10.  The first three elements in the existing standard instruction track the language of the statute before the 2018 amendment.  In response to the 2018 amendment, new elements are added reading:

1.  (Defendant) [made] [posted] [transmitted] a writing or other record.
2.  The writing or other record contained a threat to conduct [a mass shooting] [or] [an act of terrorism].
3.  (Defendant) [made] [posted] [transmitted] the writing or other record in a manner that allowed another person to view the threat.

Finally, a note apprising trial judges and attorneys of a possible First Amendment concern and a citation to *Elonis v. United States*, 135 S. Ct. 2001 (2015), are added to the comments section of the instruction.

Instructions 11.14(h) and 11.15(*l*) are modified to reduce the length of time for a person to qualify as living in a "permanent residence," "temporary residence," or "transient residence" from five days to three days. These changes are based on legislative amendments to section 775.21(2), Florida Statutes (2018). *See* Ch. 2018-105, § 1, at 1, Laws of Fla. Additionally, the definition of "motor vehicle" in these instructions is amended to include the terms "personal delivery services" and "mobile carriers." *See* Ch. 2018-130, § 5, at 4-5, Laws of Fla.; *see also* § 320.01(1)(a), Fla. Stat. (2018).

Having considered the Committee's report, the comment, and the Committee's response thereto, we authorize for publication and use amended instructions 3.13, 8.22, 11.14(h), 11.15(*l*) and 21.11, as proposed, and as set forth in the appendix to this opinion.[1] New language is indicated by underlining, and

1.  The amendments as reflected in the appendix are to the Criminal Jury Instructions as they appear on the Court's website at

deleted language is indicated by struck-through type.  In authorizing the publication and use of these instructions, we express no opinion on their correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions.  We caution all interested parties that any comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability.  The instructions set forth in the appendix shall become effective when this opinion becomes final.

It is so ordered.

CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and LAWSON, JJ., concur.

ANY MOTION FOR REHEARING OR CLARIFICATION MUST BE FILED ON OR BEFORE DECEMBER 27, 2018.  A RESPONSE TO THE MOTION FOR REHEARING/CLARIFICATION MAY BE FILED ON OR BEFORE JANUARY 2, 2019.  NOT FINAL UNTIL THIS TIME PERIOD EXPIRES TO FILE A REHEARING/CLARIFICATION MOTION AND, IF FILED, DETERMINED.

---

www.floridasupremecourt.org/jury_instructions/instructions.shtml.  We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions.  Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.

Original Proceedings – Supreme Court Committee on Standard Jury Instructions in Criminal Cases

Judge F. Rand Wallis, Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, Daytona Beach, Florida; and Bart Schneider, Staff Liaison, Office of the State Courts Administrator, Tallahassee, Florida,

     for Petitioner

# APPENDIX

## 3.13 SUBMITTING CASE TO JURY

**In just a few moments you will be taken to the jury room by the [court deputy] [bailiff]. The first thing you should do is choose a foreperson who will preside over your deliberations. The foreperson should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. It is also the foreperson's job to sign and date the verdict form[s] when all of you have agreed on a verdict and to bring the verdict form[s] back to the courtroom when you return.**

**During deliberations, jurors must communicate about the case only with one another and only when all jurors are present in the jury room. <u>If a juror goes to the restroom, the deliberations should stop until the juror returns.</u> You are not to communicate with any person outside the jury about this case. Until you have reached a verdict, you must not talk about this case in person or through the telephone, writing, or electronic communication, such as a blog, twitter, e-mail, text message, or any other means. Do not contact anyone to assist you during deliberations. These communications rules apply until I discharge you at the end of the case. If you become aware of any violation of these instructions or any other instruction I have given in this case, you must tell me by giving a note to the [court deputy] [bailiff].**

*Give if judge has allowed jurors to keep their electronic devices during the trial.*

**Many of you may have cell phones, tablets, laptops, or other electronic devices here in the courtroom. The rules do not allow you to bring your phones or any of those types of electronic devices into the jury room. Kindly leave those devices on your seats where they will be guarded by the [court deputy] [bailiff] while you deliberate.**

**If you need to communicate with me, send a note through the [court deputy] [bailiff], ~~signed by the foreperson~~. If you have voted, do not disclose the actual vote in the note.**

**If you have <u>a</u> question~~s~~, I will talk with the attorneys before I answer, so it may take some time. You may continue your deliberations while you wait for my answer. I will answer any questions, if I can, in writing or orally here in open court.**

*Give if applicable.*

**During the trial, [an item] [items] [was] [were] received into evidence as [an] exhibit[s]. You may examine whatever exhibit[s] you think will help you in your deliberations.**

*Give a or b as appropriate.*
**a. The[se] exhibit[s] will be sent into the jury room with you when you begin to deliberate.**

**b. If you wish to see an[y] exhibit[s], please request that in writing.**

**In closing, let me remind you that it is important that you follow the law spelled out in these instructions in deciding your verdict. There are no other laws that apply to this case. Even if you do not like the laws that must be applied, you must use them. For <u>more than </u>two centuries we have lived by the constitution and the law. No juror has the right to violate rules we all share.**

## Comment

This instruction was adopted in 1981 and was amended in 2000 [777 So. 2d 366], 2003 [850 So. 2d 1272], 2010 [52 So. 3d 595], 2012 [141 So. 3d 132], 2014 [152 So. 3d 529], ~~and~~ 2016 [202 So. 3d 830], and 2018.

## 8.22 WRITTEN THREAT TO [KILL] [DO BODILY INJURY] [CONDUCT A MASS SHOOTING] [CONDUCT AN ACT OF TERRORISM]
§ 836.10, Fla. Stat.

**To prove the crime of Written Threat to [Kill] [Do Bodily Injury] [Conduct a Mass Shooting] [Conduct an Act of Terrorism], the State must prove the following three elements beyond a reasonable doubt:**

***There are two ways to violate § 836.10, Fla. Stat. Give as applicable.***
1. (Defendant) **[wrote] [composed] a[n] [letter] [electronic communication] [inscribed communication].**

2. **The [letter] [electronic communication] [inscribed communication] contained a threat to [kill] [do bodily injury to]** [(victim)] **[any member of** (victim's) **family].**

3. (Defendant) **[sent] [procured the sending of] that [letter] [electronic communication] [inscribed communication] to** (victim).

*Give if applicable.*

**It is not necessary for the State to prove that the [letter] [electronic communication] [inscribed communication] had been signed.**

*Definitions. Give if applicable.*

**An "inscribed communication" is a communication that is written or printed.**

**To "procure" means to persuade, induce, prevail upon, or cause a person to do something.**

**\****The second way to violate § 836.10, Fla. Stat. is set forth below.***
**1.      (Defendant) [made] [posted] [transmitted] a writing or other record.**

**2.     The writing or other record contained a threat to conduct [a mass shooting] [or] [an act of terrorism].**

**3.      (Defendant) [made] [posted] [transmitted] the writing or other record in a manner that allowed another person to view the threat.**

**A "record" includes an electronic record.**

### Lesser Included Offenses

| WRITTEN THREAT TO [KILL] ~~OR~~ [DO BODILY INJURY] [CONDUCT A MASS SHOOTING] [CONDUCT AN ACT OF TERRORISM] – 836.10 | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Attempt | 777.04(1) | 5.1 |
| | Assault | 784.011 | 8.1 |

**Comments**

The statute may raise First Amendment concerns. Trial judges and attorneys should consider *Elonis v. United States*, 135 S. Ct. 2001 (2015) and *Saidi v. State*, 845 So. 2d 1022 (Fla. 5th DCA 2003).

~~It is not necessary for the State to prove the defendant had the actual intent to do harm or the ability to carry out the threat. *Saidi v. State*, 845 So. 2d 1022 (Fla. 5ᵗʰ DCA 2003).~~

The name of (victim) in the first set of elements 2 and 3 must be the same person.

There is no statutory definition for the term "electronic communication." In the absence of case law, trial judges will have to fashion their own definition, perhaps by looking at ~~Fla. Stat.~~§ 934.02(12), Fla. Stat. and ~~Fla. Stat.~~§ 668.602(7), Fla. Stat. The definition for inscribed communication comes from the dictionary definition of the word inscribed. The definition of procure comes from the manslaughter standard instruction.

*The act of posting a message on social media that threatened to "shoot up" a school did not constitute a violation of law under the clause of § 836.10, Fla. Stat., that prohibits the sending of threats to a specific victim because it was not sent directly to the victims. *J.A.W. v. State*, 210 So. 3d 142 (Fla. 2d DCA 2016). In response to *J.A.W.*, the Legislature created an alternative way to commit the crime by removing the requirement that the threat be sent to the person threatened.

This instruction was adopted in 2013 [131 So. 3d 720] and amended in 2018.

## 11.14(h) SEXUAL OFFENDER DEFINITIONS
§ 943.0435(1), Fla. Stat.

*Definitions.*
**"Sexual offender" means a person who** *(Insert the appropriate criteria specified by § 943.0435(1)), Fla. Stat.*

**"Convicted" means there has been a determination of guilt as a result of a trial or the entry of a plea of guilty or nolo contendere, regardless of whether adjudication is withheld.** *(Note to Judge: For juvenile, military, federal and out of state convictions see § 943.0435(1), Fla. Stat.)*

**"Change in status at an institution of higher education"** means the commencement or termination of enrollment, including, but not limited to, traditional classroom setting or online courses, or employment, whether for compensation or as a volunteer, at an institution of higher education or a change in location of enrollment or employment, whether for compensation or as a volunteer, at an institution of higher education.

**"Electronic mail address"** means a destination, commonly expressed as a string of characters, to which electronic mail may be sent or delivered.

**"Institution of higher education"** means a career center, community college, college, state university, or independent postsecondary institution.

**"Internet identifier"** means any designation, moniker, screen name, username, or other name used for self-identification to send or receive social Internet communication. "Internet identifier" does not include a date of birth, social security number, personal identification number (PIN), or password.

**"Social Internet communication"** means any communication through a commercial social networking website or application software. The term does not include any of the following:
1. Communication for which the primary purpose is the facilitation of commercial transactions involving goods or services;
2. Communication on an Internet website for which the primary purpose of the website is the dissemination of news; or
3. Communication with a governmental entity.

**"Commercial social networking website"** means a commercially operated Internet website that allows users to create web pages or profiles that provide information about themselves and are available publicly or to other users and that offers a mechanism for communication with other users, such as a forum, chat room, electronic mail, or instant messenger.

**"Application software"** means any computer program designed to run on a mobile device such as a smartphone or tablet computer, that allows users to create web pages or profiles that provide information about themselves and are available publicly or to other users, and that offers a mechanism for

- 10 -

communication with other users through a forum, a chatroom, electronic mail, or an instant messenger.

"Physical residential address" does not include a post office box, but may be a location that has no specific street address.

"Permanent residence" means a place where the person abides, lodges, or resides for ~~5~~3 or more consecutive days.

"Professional license" means the document of authorization or certification issued by an agency of this state for a regulatory purpose, or by any similar agency in another jurisdiction for a regulatory purpose, to a person to engage in an occupation or to carry out a trade or business.

"Temporary residence" means a place where the person abides, lodges, or resides, including, but not limited to, vacation, business, or personal travel destinations in or out of this state, for a period of ~~5~~3 or more days in the aggregate during any calendar year and which is not the person's permanent address or, for a person whose permanent residence is not in this state, a place where the person is employed, practices a vocation, or is enrolled as a student for any period of time in this state.

"Transient residence" means a place or county where a person lives, remains, or is located for a period of ~~5~~3 or more days in the aggregate during a calendar year and which is not the person's permanent or temporary address. The term includes, but is not limited to, a place where the person sleeps or seeks shelter and a location that has no specific street address.

"Vehicles owned" means any motor vehicle which is registered, coregistered, leased, titled, or rented by a sexual predator or sexual offender; a rented vehicle that a sexual predator or sexual offender is authorized to drive; or a vehicle for which a sexual predator or sexual offender is insured as a driver. The term also includes any motor vehicle which is registered, coregistered, leased, titled, or rented by a person or persons residing at a sexual predator's or sexual offender's permanent residence for ~~5~~3 or more consecutive days.

*Personal delivery devices, mobile carriers, and special mobile equipment are defined in § 316.003, Fla. Stat. and should be defined if applicable.*

 **"Motor vehicle" means an automobile, motorcycle, truck, trailer, semitrailer, truck tractor and semitrailer combination, or any other vehicle operated on the roads of this state, used to transport persons or property, and propelled by power other than muscular power [but the term does not include traction engines, road rollers, personal delivery devices, mobile carriers, special mobile equipment, vehicles that run only upon a track, bicycles, swamp buggies, or mopeds].**

 **["Motor vehicle" includes a recreational vehicle-type unit primarily designed as temporary living quarters for recreational, camping, or travel use, which either has its own motive power or is mounted on or drawn by another vehicle.]** *There are additional definitions for recreational vehicle-type units in § 320.01(1)(b), Fla. Stat. that may need to be given.*

### Comment

This instruction was adopted in 2008 [983 So. 2d 531] and amended in 2012 [85 So. 3d 1090], 2013 [113 So. 3d 754], 2016 [195 So. 3d 1088], ~~and~~ 2018 [249 So. 3d 554], and 2018.

### 11.15(*l*) SEXUAL PREDATOR DEFINITIONS
§ 775.21(2) and (4), Fla. Stat.

*Definitions.*
**"Sexual predator" means a person who:**

> **has been designated a sexual predator, in a written order of a Florida court, on or after October 1, 1993; and**

> **has not received a pardon for the offense(s) necessary for the designation as a sexual predator; and**

the written order designating the defendant a sexual predator has not been set aside in any judicial proceeding.

"Change in status at an institution of higher education" means the commencement or termination of enrollment, including, but not limited to, traditional classroom setting or online courses, or employment, whether for compensation or as a volunteer, at an institution of higher education or a change in location of enrollment or employment, whether for compensation or as a volunteer, at an institution of higher education.

"Community" means any county where the sexual predator lives or otherwise establishes or maintains a permanent, temporary, or transient residence.

"Convicted" means there has been a determination of guilt as a result of a trial or the entry of a plea of guilty or nolo contendere, regardless of whether adjudication is withheld. *(Note to Judge: For military, federal and out of state convictions, see § 775.21(2)(e), Fla. Stat.)*

"Electronic mail address" means a destination, commonly expressed as a string of characters, to which electronic mail may be sent or delivered.

"Institution of higher education" means a career center, community college, college, state university, or independent postsecondary institution.

"Internet identifier" means any designation, moniker, screen name, username, or other name used for self-identification to send or receive social Internet communication. "Internet identifier" does not include a date of birth, social security number, personal identification number (PIN), or password.

"Social Internet communication" means any communication through a commercial social networking website or application software. The term does not include any of the following:
1. Communication for which the primary purpose is the facilitation of commercial transactions involving goods or services;
2. Communication on an Internet website for which the primary purpose of the website is the dissemination of news; or
3. Communication with a governmental entity.

**"Commercial social networking website"** means a commercially operated Internet website that allows users to create web pages or profiles that provide information about themselves and are available publicly or to other users and that offers a mechanism for communication with other users, such as a forum, chat room, electronic mail, or instant messenger.

**"Application software"** means any computer program designed to run on a mobile device such as a smartphone or tablet computer, that allows users to create web pages or profiles that provide information about themselves and are available publicly or to other users, and that offers a mechanism for communication with other users through a forum, a chatroom, electronic mail, or an instant messenger.

**"Physical residential address"** does not include a post office box, but may be a location that has no specific street address.

**"Permanent residence"** means a place where the person abides, lodges, or resides for ~~5~~3 or more consecutive days.

**"Professional license"** means the document of authorization or certification issued by an agency of this state for a regulatory purpose, or by any similar agency in another jurisdiction for a regulatory purpose, to a person to engage in an occupation or to carry out a trade or business.

**"Temporary residence"** means a place where the person abides, lodges, or resides including, but not limited to, vacation, business, or personal travel destinations in or out of this state, for a period of ~~5~~3 or more days in the aggregate during any calendar year and which is not the person's permanent address or, for a person whose permanent residence is not in this state, a place where the person is employed, practices a vocation, or is enrolled as a student for any period of time in this state.

**"Transient residence"** means a place or county where a person lives, remains, or is located for a period of ~~5~~3 or more days in the aggregate during a calendar year and which is not the person's permanent or temporary address. The term includes, but is not limited to, a place where the person sleeps or seeks shelter and a location that has no specific street address.

**"Vehicles owned"** means any motor vehicle which is registered, coregistered, leased, titled, or rented by a sexual predator or sexual offender;

a rented vehicle that a sexual predator or sexual offender is authorized to drive; or a vehicle for which a sexual predator or sexual offender is insured as a driver. The term also includes any motor vehicle which is registered, coregistered, leased, titled, or rented by a person or persons residing at a sexual predator's or sexual offender's permanent residence for 5̶3 or more consecutive days.

*Personal delivery devices, mobile carriers, and special mobile equipment are defined in § 316.003, Fla. Stat. and should be defined if applicable.*
 "Motor vehicle" means an automobile, motorcycle, truck, trailer, semitrailer, truck tractor and semitrailer combination, or any other vehicle operated on the roads of this state, used to transport persons or property, and propelled by power other than muscular power [but the term does not include traction engines, road rollers, personal delivery devices, mobile carriers, special mobile equipment, vehicles that run only upon a track, bicycles, swamp buggies, or mopeds].

["Motor vehicle" includes a recreational vehicle-type unit primarily designed as temporary living quarters for recreational, camping, or travel use, which either has its own motive power or is mounted on or drawn by another vehicle.] *There are additional definitions for recreational vehicle-type units in § 320.01(1)(b), Fla. Stat. that may need to be given.*

### Comment

This instruction was adopted in 2008 [983 So. 2d 531] and amended in 2012 [85 So. 3d 1090], 2013 [113 So. 3d 754], 2016 [195 So. 3d 1088], a̶n̶d̶ 2018 [249 So. 3d 554], and 2018.

### 21.11 HARASSING A [WITNESS] [VICTIM] [INFORMANT]

§ 914.22(3), Fla. Stat.

To prove the crime of Harassing a [Witness] [Victim] [Informant], [Person], the State must prove the following three elements beyond a reasonable doubt:

*Give as applicable.*
1.   (Defendant) **intentionally [harassed] [attempted to harass]** (name of person)**.**

2.   (Defendant) **thereby [hindered] [attempted to hinder] [delayed] [attempted to delay] [prevented] [attempted to prevent] [dissuaded] [attempted to dissuade] [a person]** [(name of person)] **from**

> a. **attending or testifying in an official proceeding or cooperating in an official investigation.**

> b. **reporting to a law enforcement officer or judge the commission or possible commission of [an offense] [a violation of a condition of [probation] [parole] [release pending a judicial proceeding]].**

> c. **arresting or seeking the arrest of another person in connection with an offense.**

> d. **causing a [criminal prosecution] [[parole] [probation] revocation proceeding] to be sought or instituted or from assisting in such [prosecution] [proceeding].**

3.   **The [official investigation] [official proceeding] [offense]** [**violation of a condition of [probation] [parole] [release]**] **[affected] [attempted to be affected], involved the investigation or** ~~proceeding~~<u>prosecution</u> **of a[n] [non-criminal offense] [misdemeanor] [third degree felony] [second degree felony] [first degree felony [punishable by a term of years not exceeding life]] [life felony] [capital felony] [offense of indeterminable degree].**

*Give if requested and if applicable.*
*§ 914.22(5)(a), Fla. Stat.*

**The State does not have to prove that an official proceeding was pending or about to be instituted at the time of this alleged offense.**

*§ 914.22(5)(b), Fla. Stat.*
**The State does not have to prove that the testimony or the record, document, or other thing was admissible in evidence [or free from a claim of privilege].**

*§ 914.22(6)(a), Fla. Stat.*
**The State does not have to prove that the defendant knew or should have known that the official proceeding before a judge, court, grand jury, or government agency, was before a judge or court of the state, a state or local grand jury, or a state agency.**

*§ 914.22(6)(b), Fla. Stat.*
**The State does not have to prove that the defendant knew or should have known that the judge is a judge of the state or that the law enforcement officer is an officer or employee of the state or a person authorized to act for or on behalf of the state or serving the state as an adviser or consultant.**

*Definitions. § 914.21, Fla. Stat., Give as applicable.*
**"Official investigation" means any investigation instituted by a law enforcement agency or prosecuting officer of the state or a political subdivision of the state or the Commission on Ethics.**

**"Official proceeding" means:**
**a. A proceeding before a judge or court or a grand jury;**

**b. A proceeding before the Legislature;**

**c. A proceeding before a federal agency that is authorized by law; or**

**d. A proceeding before the Commission on Ethics.**

### Lesser Included Offense

The degree of this crime depends on the severity of the underlying offense that is the subject of the harassment. ~~See~~ § 914.22(4), Fla. Stat.

### Comment

This instruction was adopted in 2013 [131 So. 3d 720] and amended in 2018.